<u>UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION</u>

| | |
|---|---|
| **DANNIE RAINEY**<br>2613 PIONEER TRAIL. APT 111<br>SANDUSKY, OH 44870<br><br>*Plaintiff,*<br>-vs-<br><br>**PERKINS TOWNSHIP/PERKINS BOARD OF TRUSTEES**<br>2610 COLUMBUS AVE<br>SANDUSKY, OHIO 44870<br><br>AND<br><br>**PERKINS TOWNSHIP POLICE DEPARTMENT**<br>2610 COLUMBUS AVE,<br>SANDUSKY, OHIO 44870<br><br>AND<br><br>**JOSEPH BAUMAN**<br>**BRENT ADAMS**<br>**JOSHUA LANYI**<br>**JOSEPH ROTUNO**<br>**DET. MCDERMOTT**<br>**TIMOTHY ALEXANDER**<br><br>(INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AS EMPLOYEES OF THE TOWNSHIP OF PERKINS)<br>C/O PERKINS TOWNSHIP POLICE DEPARTMENT<br>2610 COLUMBUS AVE<br>SANDUSKY, OHIO 44870<br><br>AND<br><br>**THE LAW DIRECTOR FOR THE CITY OF SANDUSKY**<br>240 COLUMBUS AVE<br>SANDUSKY, OHIO 44870<br><br>AND | CASE NO. 3:22 CV 0042<br><br>JUDGE **JUDGE HELMICK**<br><br>PLAINTIFFS' COMPLAINT **MAG JUDGE CLAY**<br><br>FILED<br>JAN 10 2022<br>CLERK, U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF OHIO<br>TOLEDO<br><br><u>**JURY DEMAND ENDORSED**</u><br><u>**HEREON**</u> |

Page **1** of **17**

**BRENDAN HEIL**
**A.P. LILLY**
(INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AS PROSECUTORS FOR THE CITY OF SANDUSKY)
C/O PERKINS TOWNSHIP POLICE DEPARTMENT
2 ~~40~~ COLUMBUS AVE
SANDUSKY, OHIO 44870

AND

**YVETTE THOMPSON**
2634 APPLE AVE.
LORAIN, OHIO 44055

*Defendants.*

## GENERAL ALLEGATIONS

1. Plaintiff, Dannie Rainey (hereinafter "Mr. Rainey"), is an individual resident of the Township of Perkins in Erie County Ohio.

2. Defendant Yvette Thompson (hereinafter "Mrs. Thompson or Thompson") is and individual residing at 3463 Dallas Ave, in Lorain County, Ohio.

3. Defendant Joe Bauman (hereinafter "Bauman") is an individual and is employed by the Perkins Township Police Department. At all relevant times, he acted under color of state law and in his capacity as a Perkins Township police officer.

4. Defendant Brent Adams (hereinafter "Adams") is an individual and is employed by the Perkins Township Police Department. At all relevant times, he acted under color of state law and in his capacity as a Perkins Township police officer.

5. Defendant Joshua Lanyi (hereinafter "Lanyi") is an individual and is employed by the Perkins Township Police Department. At all relevant times, he acted under color of state law and in his capacity as a Perkins Township police officer.

6. Defendant Joseph Rotuno (hereinafter "Rotuno") is an individual and is employed by the Perkins Township Police Department. At all relevant times, he acted under color of state law and in his capacity as a Perkins Township police officer.

7. Defendant Timothy Alexander Sr. (hereinafter "Alexander") is an individual and is employed by the Perkins Township Police Department. At all relevant times, he acted under color of state law and in his capacity as a Perkins Township police officer.

8. Defendant Det. McDermott (hereinafter "McDermott") is an individual and is employed by the Perkins Township Police Department. At all relevant times, he acted under color of state law and in his capacity as a Perkins Township police officer.

9. Defendant Perkins Township/ Board of Trustees is a governmental entity existing under the laws of the State of Ohio with authority overseeing the Perkins Township Police Department, and Bauman, Adams, Lanyi, Alexander, McDermott, and Rotuno in their official capacities as police officers.

10. Perkins Township Police Department is a governmental entity with authority overseeing Bauman, Adams, Lanyi, Alexander, McDermott, and Rotuno in their official capacity as police officers.

11. Defendant Law Director for the City of Sandusky is a governmental entity with authority overseeing Brendan Heil and A.P. Lily in their official capacities as City Attorneys for Sandusky and Perkins Township.

12. Defendant Brendan Heil is an individual and is the City Attorney for the City of Sandusky and Perkins Township.

13. Defendant A.P. Lilly is and individual and is the assistant prosecutor for the City of Sandusky and Perkins Township.

14. At all relevant times, the aforementioned defendants acted within the city limits of Perkins Township, or within the City of Sandusky, Eire County Ohio in violation of 42 USC § 1983 and other Ohio State level offenses which caused Mr. Rainey to sustain injury.

15. Defendant Perkins Township/ Board of Trustees and Defendant Perkins Township Police Department are also liable to Mr. Rainey for the injuries he sustained under the theory of "respondeat superior" in connection with the conduct if its employees.

16. At all relevant time Defendant Law Director for the City of Sandusky is also liable to Mr. Rainey for the injuries he sustained under the theory of "respondeat superior" in connection with the conduct if its employees.

## JURISDICTION AND VENUE

17. This court has jurisdiction over these claims pursuant to 28 USC §§ 1331, 1367, 2201, and 2202.

18. Venue is properly laid in this court pursuant to 28 USC §1391(b), as the Defendants reside in, and the claim arose in the Northern District of Ohio.

## FACTUAL ALLEGATIONS

19. Plaintiff alleges each allegation contained in paragraphs 1 through 18 as if the same were fully restated herein.

20. On the morning of May 6, 2021, at approximately 8:45 a.m., while Thompson visited Mr. Rainey's home, the two began arguing over money and a phone call Mr. Rainey received from a female friend while Thompson visited Mr. Rainey's home.

21. The argument between the two became heated and Mr. Rainey asked Thompson to leave the home.

22. Thompson complied, exited the home, but refused to return a key to Mr. Rainey's home that she previously acquired.

23. About an hour after Thompson left Mr. Rainey's home, Mr. Rainey contacted his leasing office and requested that the locks of his apartment be changed.

24. The locks to Mr. Rainey's apartment were changed by the apartment complex shortly after Mr. Rainey's request.

25. At approximately 6:45 p.m. later that same night, Thompson returned to Mr. Rainey's home with her daughter, Sharlia Thompson, and began banging on Mr. Rainey's front door.

26. The force of the banging caused Mr. Rainey to wake from a nap.

27. Mr. Rainey went to the door and requested that the individuals identify themselves.

28. Mr. Rainey received no answer.

29. Due to Mr. Rainey's diminished vision, (total loss in one eye, and ¾ loss in the other), he was unable to identify the individual through the door's peep hole, so Mr. Rainey opened the door slightly to determine who was at the door.

30. Once Mr. Rainey slightly opened the door, Thompson and Sharlia forcefully shoved the door open causing Mr. Rainey to lose his balance, stumble backward, and fall onto a couch in his living room, which is located about three feet from the door.

31. Once inside Mr. Rainey's apartment, Thompson explained to Mr. Rainey that she was there to "get her stuff."

32. Mr. Rainey loudly demanded that Thompson and Sharlia leave the home.

33. At that time, Thompson pulled a black handgun from the rear of her body and told Mr. Rainey that if he moved, "I'm going to shoot yo ass."

34. Thompson ordered Mr. Rainey to his bedroom at gun point stating, "show me where you put that money you owe me."

35. Mr. Rainey complied and walked towards the bedroom.

36. As they reached the bedroom, Thompson ordered Mr. Rainey to sit in a chair, and as Mr. Rainey sat down, Sharila laughed at the situation and began removing items from the home that had been identified by Thompson.

37. Sharila exited the home with a few items as Thompson grabbed money from Mr. Rainey's bedroom nightstand drawer.

38. When Sharila came back into the home, she entered Mr. Rainey's bedroom and asked Thompson if she had any other items she wanted taken to the car.

39. Thompson stated to Sharila "remember on the way over here I told you about that stuff in the living room closet."

40. Sharila exited the bedroom and headed toward the living room closet located near the front of the home.

41. A few moments later, Sharila yelled to Thompson, "where is that stuff, I don't see it."

42. Thompson continued to hold Mr. Rainey at gun point as Sharila continued searching for the illusive items.

43. Thompson told Mr. Rainey "don't move" and left the room.

44. When Thompson exited the bedroom and walked toward Sharila's location, past the kitchen towards the front of the apartment, Mr. Rainey got up from the chair, grabbed his cell phone from the bed, and dialed Huron County 911 dispatch.

45. A few moments later, Thompson came back into the bedroom and stated to Mr. Rainey, "I told you not to move."

46. Mr. Rainey replied, "well I'm on the phone with 911 now."

47. Mrs. Thompson replied, "I don't care nothin' about the police."

48. As the voice of a Huron County 911 dispatcher came over Mr. Rainey's cell phone speaker, Thompson quickly exited the bedroom, moved toward the front of the home, and placed the gun she wielded in Mr. Rainey's kitchen drawer.

49. Thompson and Sharila then grabbed a few remaining items and ran from the home.

50. As Mr. Rainey heard his front door slam shut, he exited his bedroom and ran after the two suspects in order to uncover the vehicle information of the burglary suspects so that he could provide the information to police.

51. While on the call with 911 dispatch, Mr. Rainey explained to the dispatcher that he was being robbed at gun point, and he identified Thompson and Sharila as the individuals who robbed him.

52. Mr. Rainey also explained to the 911 dispatcher that the armed perpetrators were leaving the scene of the burglary in a Green SUV headed towards Lorain Ohio.

53. While on the phone with Huron County 911 dispatch, Defendant Adams and Defendant Bauman made contact with Mr. Rainey in the apartment complex's parking lot.

54. Defendant Adams and Defendant Bauman subsequently began conducting a burglary investigation at Mr. Rainey's apartment.

55. Defendant Adams and Defendant Bauman questioned Mr. Rainey about injuries he sustained and the description of the perpetrators who burglarized his home.

56. During Defendant Adams and Defendant Bauman's investigation, Eire County Sheriff made contact with the perpetrators as they drove back to Lorain.

57. Thompson and Sharila were identified and apprehended by Eire County Sheriff while driving a green SUV.

58. Defendants Adams and Bauman subsequently searched Mr. Rainey's home.

59. The handgun Thompson used during the burglary was uncovered in a kitchen drawer and taken into evidence by Perkins Police.

60. Mr. Rainey was later charge with illegal possession of Thompson's handgun.

61. Defendants Adams, Bauman, Lanyi, Rotuno, Alexander, and McDermott collaborated with the armed burglary perpetrators to develop a narrative placing blame for the possession of Thompson handgun on Mr. Rainey.

62. Defendants Adams, Bauman, Lanyi, Rotuno, Alexander, and McDermott relied solely on the collaborated statements of the burglary perpetrators as the basis to refer charges against Mr. Rainey to the Sandusky City Attorney.

63. Sandusky City Attorneys Brendan Heil and A.P. Lily relied solely on the collaborated statements of the armed burglary perpetrators, Thompson and Sharila, as a basis to file charges against Mr. Rainey.

64. Mr. Rainey was later charged by Sandusky City Attorneys Brendan Heil and A.P. Lily after being the victim of an armed burglary in his home.

65. Mr. Rainey was later arrested and jailed on the charges brought by Sandusky City Attorneys Brendan Heil and A.P. Lily.

66. Mr. Rainey was forced to forfeit pay with his employer during his incarceration.

67. Mr. Rainey was subsequently arraigned on the charges brought by Sandusky City Attorneys Brendan Heil and A.P. Lily.

68. In August of 2021 Sandusky City Attorneys Brendan Heil and A.P. Lily withdrew their allegations and dismissed all charges brought against Mr. Rainey in connection with the burglary and the possession of Thompson's handgun.

## COUNT ONE – 42 USC § 1983 VIOLATION OF FOURTH AMENDMENT

69. Plaintiff alleges each allegation contained in paragraphs 1 through 68 as if the same were fully restated herein.

70. One May 6, 2021, Defendant Adams and Defendant Bauman were acting within the course and scope of their employment with Defendant Perkins Township and Defendant Perkins Township Police when they came into contact with Mr. Rainey about the burglary that had taken place in his home.

71. At approximately 6:55 p.m. Defendant Adams and Defendant Bauman received an alert from Huron County 911 Dispatch of an armed burglary in progress at Mr. Rainey's home.

72. Before Defendants Adams and Bauman arrived at Mr. Rainey's home, Huron County 911 Dispatch made them aware that the armed suspects fled the scene of the burglary in a green SUV.

73. Defendant Adams and Defendant Bauman later requested Mr. Rainey's consent to a search his home and insinuated that they were going to collect evidence against Thompson and Sharila, the burglary suspects.

74. Defendant Adams coerced, deceived, and misrepresented the nature and the reason for the search of Mr. Rainey's home.

75. Due to Defendants Adams and Defendant Bauman's coercion, deceit, and misrepresentation, Mr. Rainey was prohibited from freely and willfully offering his consent

to collect evidence that the Perkins Police and Sandusky City Prosecutors would later use as the basis for charging Mr. Rainey.

76. Defendant Adams and Defendant Bauman did not have probable cause to search Mr. Rainey's home for any potential crime he may have committed.

77. Defendant Adams and Defendant Bauman violated Mr. Rainey Fourth Amendment protection against unreasonable searches and seizures because Defendant Adams and Defendant Bauman searched Mr. Rainey's home without Mr. Rainey's free, willful consent, causing Mr. Rainey to sustain injury.

## COUNT TWO – 42 USC § 1983 VIOLATION OF SIXTH AMENDMENT

78. Plaintiff alleges each allegation contained in paragraphs 1 through 77 as if the same were fully restated herein.

79. Defendant Bauman and Defendant Adams violated Mr. Rainey's Sixth Amendment right to counsel because they knowingly continued to question Mr. Rainey after Mr. Rainey invoked his right to counsel.

80. As Defendant Bauman and Defendant Adams continued their investigating of the burglary at Mr. Rainey home, they questioned Mr. Rainey about the weapon located in the kitchen drawer.

81. Mr. Rainey explained to Defendant Bauman and Defendant Adams that he wanted to speak with an attorney.

82. Despite Mr. Rainey's request to speak to an attorney, Defendant Bauman and Defendant Adams continued interrogating Mr. Rainey.

83. Defendants Bauman and Adams's continued questioning of Mr. Rainey after Rainey had requested counsel violated Mr. Rainey's Sixth Amendment right, causing Mr. Rainey to sustain injury.

## COUNT THREE – MALICIOUS PROSECUTION

84. Plaintiff alleges each allegation contained in paragraphs 1 through 83 as if the same were fully restated herein.

85. On May 7, 2021, and at all relevant times thereafter, Defendant A.P. Lilly was acting within the course and scope of her employment as the assistant prosecutor for the city and Sandusky and Perkins Township when deciding to file charges against Mr. Rainey.

86. Defendant A.P. Lilly encouraged, collaborated and relied solely on the statements of the armed burglary perpetrators, Thompson and Sharila, in deciding to file weapons charges against Mr. Rainey.

87. Defendant A.P. Lilly did not speak to Mr. Rainey regarding the armed burglary of his home or the ownership of the weapon he was later charged with illegally possessing.

88. Because Defendant A.P. Lilly failed to speak to Mr. Rainey regarding the burglary of his home and Defendant A.P. Lilly failed to conduct a proper investigation of the armed burglary, Defendant A.P. Lilly and Defendant Brendan Heil lacked probable cause to prosecute Mr. Rainey.

89. Due to the Defendants' failure to conduct a proper or reasonable investigation of the armed burglary, instituting criminal charges against Mr. Rainey was egregious.

90. Despite their lack of probable cause, Defendant A.P. Lilly and Defendant Brendan Heil maliciously prosecuted Mr. Rainey causing him to sustain injury.

## COUNT FOUR – ABUSE OF PROCESS

91. Plaintiff alleges each allegation contained in paragraphs 1 through 90 as if the same were fully restated herein.

92. Defendant A.P. Lilly and Defendant Brendan Heil encouraged, collaborated, and relied solely on the statements of the armed burglary perpetrators, Thompson and Sharila, in deciding to file charges against Mr. Rainey – lacking probable cause.

93. Because Defendant Thompson, and her daughter Sharila's statements lacked creditability, Defendant A.P. Lilly and Defendant Brendan Heil did not have probable cause to file charges against Mr. Rainey.

94. Due to the Defendants' failure to conduct a proper or reasonable investigation of the armed burglary, instituting criminal charges against Mr. Rainey was egregious.

95. Despite Defendant A.P. Lilly and Defendant Brendan Heil's lack of probable cause to file charges against Mr. Rainey, they instituted criminal action against Mr. Rainey for a purpose the was unintended by law.

96. Defendant A.P. Lilly and Defendant Brendan Heil's maliciously instituted criminal action against Mr. Rainey and continued that action despite lacking probable cause, causing Mr. Rainey to sustain injury.

## COUNT FIVE – 42 USC § 1983 FALSE ARREST

97. Plaintiff alleges each allegation contained in paragraphs 1 through 96 as if the same were fully restated herein.

98. On May 8, 2021 Defendant Adams, Defendant McDermott, and Defendant Lanyi were acting within the course and scope of their employment with Defendant Perkins Township

and Defendant Perkins Township Police when they came into contact with Mr. Rainey and placed him under arrest.

99. Defendant Alexander, Defendant Runtono, and Defendant Adams collaborated with the armed burglary perpetrators to lay blame of the possession of Thompson's handgun on Mr. Rainey.

100. Defendant Alexander, Defendant Runtono, and Defendant Adams limited their investigation of the burglary suspect who had placed the weapon in Mr. Rainey drawer, which was uncovered during the search of Mr. Rainey's home.

101. Defendant Alexander, Defendant Runtono, and Defendant Adams failed to conduct a reasonable investigation of the weapon's possession before recommending charges.

102. Because Defendant Alexander, Defendant Runtono, and Defendant Adams failed to conduct a reasonable investigation, there was no probable cause for Mr. Rainey's arrest.

103. Due to the Defendant's failure to conduct a proper or reasonable investigation of the armed burglary, the arrest of Mr. Rainey was egregious.

104. The false arrest of Mr. Rainey caused him to sustain injury.

## COUNT SIX – 42 USC § 1983 MALICIOUS FALSE IMPRISONMENT

105. Plaintiff alleges each allegation contained in paragraphs 1 through 104 as if the same were fully restated herein.

106. Because Defendant Alexander, Defendant Runtono, and Defendant Adams failed to conduct a reasonable investigation, and because Thompson's statements surrounding the burglary of Mr. Rainey's home and possession of the weapon lacked creditability, there was no probable cause for Mr. Rainey's arrest.

107. Mr. Rainey was imprisoned by without probable cause and after a false arrest.

108.   The malicious false imprisonment of Mr. Rainey caused him to sustain injury.

## COUNT SEVEN – INVASION OF PRIVACY AND INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

109.   Plaintiff alleges each allegation contained in paragraphs 1 through 108 as if the same were fully restated herein.

110.   Mr. Rainey was the victim of an armed burglary at home.

111.   The armed burglary was a traumatic event.

112.   Despite Mr. Rainey's contemporaneous 911 call for help, and his identification of the armed perpetrators, Defendants Adams, Bauman, Lanyi, Rotuno, Alexander, McDermott, A.P. Lilly, and Brendan Heil collaborated with the burglary perpetrators and relied solely on their statements as a basis to file charges against Mr. Rainey.

113.   Their conduct in instituting criminal charges against Mr. Rainey was egregious, further victimized Mr. Rainey, and caused him to face sever emotional distress.

114.   Over the course of the burglary investigation and through the dismissal of the charges filed against Mr. Rainey, Defendants Adams, Bauman, Lanyi, Rotuno, Alexander, McDermott, A.P. Lilly, and Brendan Heil failed to conduct a reasonable investigation and committed several civil rights violations which caused Mr. Rainey to face sever emotion distress.

## COUNT EIGHT – BATTERY

115.   Plaintiff alleges each allegation contained in paragraphs 1 through 114 as if the same were fully restated herein.

116.   Because Defendant Adams, Defendant McDermott, and Defendant Lanyi lacked probable cause to arrest Mr. Rainey, these defendants did, without justification, subject Mr. Rainey to offensive contact during his arrest.

117. Defendant Adams, Defendant McDermott, and Defendant Lanyi's offensive contact with Mr. Rainey, without justification, caused him to sustain injury.

## COUNT NINE – VIOLATION OF VICTIMS RIGHTS

118. Plaintiff alleges each allegation contained in paragraphs 1 through 117 as if the same were fully restated herein.

119. Mr. Rainey was a victim of an armed burglary in his home.

120. Defendant A.P. Lilly and Defendant Brendan Heil failed to conduct a reasonable investigation of the burglary, failed to inform Mr. Rainey of the progress of the investigation, and failed to inform Mr. Rainey of the reason why charges were not filed against the perpetrators; and Mr. Rainey was not treated with courtesy, compassion, or respect of a victim's rights and dignity.

121. As a result of Defendant A.P. Lilly and Defendant Brendan Heil's failure to provide Mr. Rainey the services required for victims of crimes Mr. Rainey sustained injury.

## COUNT TEN – 42 USC § 1983 DISCRIMINATION

122. Plaintiff alleges each allegation contained in paragraphs 1 through 123 as if the same were fully restated herein.

123. Defendant Adams, Defendant Bauman, Defendant Lanyi, and Defendant Rotuno, Defendant Alexander, Defendant McDermott, Defendant A.P. Lilly and Defendant Brendan Heil failed to conduct a reasonable investigation of the burglary at Mr. Rainey's home.

124. Because of Mr. Rainey's race, the aforementioned defendants brought charges against Mr. Rainey despite lack of probable cause, causing Mr. Rainey to sustain injury.

**WHEREFORE,** Mr. Rainey Respectfully prays for judgment in his favor and against Defendants jointly and severally in an amount in excess of Two Million Eight Hundred Thousand Dollars ($2,800,000) plus attorney's fees and costs.

**Respectfully submitted**, this January 10, 2022

DANNIE RAINEY

*/s/ Dannie Rainey*

Dannie Rainey
2613 Pioneer Trial, Apt 111
Sandusky, OH 44870
Telephone: 440-664-0212
Email: dannierainey@yahoo.com
Pro Se Plaintiff

## JURY DEMAND

Plaintiffs respectfully request and demand that the above causes of action be tried by a jury.

_____

Dannie Rainey
2613 Pioneer Trial, Apt 111
Sandusky, OH 44870
Telephone: 440-664-0212
Email: dannierainey@yahoo.com
Pro Se Plaintiff

## REQUEST FOR SERVICE

TO THE CLERK OF COURTS: PLEAS SERVE A COPY OF THE COMPLAINT TO THE DEFENDANT VIA CERTIFIED US MAIL, RETURN RECEIPT REQUESTED, AT THE ADDRESSES LISTED IN THE CAPTION OF THIS COMPLAINT.