UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dannie Rainey,                                             Case No. 3:22-cv-42

              Plaintiff,

     v.                                                      ORDER

Perkins Township Board
of Trustees, *et al.*,

              Defendants.

On January 10, 2022, pro se Plaintiff Dannie Rainey filed a complaint against multiple political subdivision entities and certain individuals employed by those entities, raising claims under both federal and state law in relation to his arrest. (Doc. No. 1).[1] The complaint also named Yvette Thompson as a Defendant. On March 30, 2022, Rainey filed a motion for default judgment against Thompson for failure to timely respond to the complaint. (Doc. No. 12).

I deny this motion for default for failure to comply with Federal Rule of Civil Procedure 55(a). Rule 55 governs the distinct events of entry of default and default judgment. Fed. R. Civ. P. 55. "Where a defendant has failed to plead or otherwise defend the action, the application to the clerk of court is a prerequisite to the entry of default judgment." *Equity Trust Co. v. Martin*, No. 1:22-cv-1004, 2022 WL 4281372, at *1 (N.D. Ohio Aug. 19, 2022) (citing *Yang Zhang v. Clevenger*, No.

---

[1] Concurrent with filing his complaint, Rainey requested permission for electronic filing privileges. (Doc. No. 3). I deny this motion without prejudice. *See Greenberg v. Slatery*, No. 3:22-cv-00325, 2022 WL 2032817, at *1 (M.D. Tenn. June 6, 2022). *See also* N.D. Ohio Amended Gen. Ord. 1998-01-1, App'x B.

1:15-cv-720, 2015 WL 464465, at *2 (N.D. Ohio Aug. 4, 2015)). Here, Rainey has not complied with Rule 55(a) and thus, "the Court cannot grant the motion for default judgment without the prior entry of default by the clerk." *Id.*; *see also* Fed. R. Civ. P. 55. Rainey's motion for default judgment is denied without prejudice. (Doc. No. 12).

Additionally, on April 11, 2022, Defendant Perkins Township filed a motion for judgment on the pleadings. (Doc. No. 15). Rainey opposed the motion on May 12, 2022. (Doc. No. 19). Perkins Township requested an extension of time until May 30, 2022, to file its reply which I granted. (Doc. No. 20; Non-Doc. Order May 18, 2022). Perkins Township filed its Reply on May 31, 2022, and subsequently, Rainey moved to strike the filing as untimely. (Doc. No. 22).

Rainey is correct that Perkins Township's Reply was untimely filed. As explained by my colleague Judge Lioi:

> Since 1996, this Court has required attorneys to file documents with the Court electronically through its Case Management/Electronic Case Files (CM/ECF) system. Rule 6 of the Federal Rule of Civil Procedure provides that, "[u]nless a different time is set by a statute, local rule, or court order, the 'last day' [of a court deadline] ends: (A) for electronic filing, at midnight in the court's time zone." Fed. R. Civ. P. 6(a)(4)(A). Similarly, the Court's local rules clearly warn that: Filing documents electronically does not alter any filing deadlines. All electronic transmissions of documents must be completed (i.e. received completely by the Clerk's Office) prior to midnight in order to be considered timely filed that day.

*Spirit SPE Portfolio 2007-1 LLC v. Paxos*, No. 5:14-cv-929, 2014 WL 5091740, at *2-3 (N.D. Ohio Oct. 9, 2014) (citing L.R. Appendix B(10)).

Counsel asserted it did not file the Reply on May 30, 2022, because it was Memorial Day, a federally recognized holiday, which he believed adjusted the time for filing to the next business day, i.e., May 31, 2022. *See* Fed. R. Civ. P. 6(a)(3)(A) (when the clerk's office is closed, the time for filing is extended to the next day that is not a legal holiday). While reliance on this rule in these circumstances, where the missed deadline was specifically proposed by Perkins Township, may be misplaced, I decline to exercise my discretion to strike the Reply because no prejudice resulted from

2

3

the late filing. *Newman v. Telb*, No. 3:08-cv-711, 2010 WL 3666593, at *2 (N.D. Ohio Sept. 16, 2010) ("A motion to strike is addressed to the sound discretion of the trial court."). Accordingly, I deny the motion to strike. (Doc. No. 22).

    So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge
