UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dannie Rainey,            Case No. 3:22-cv-42

         Plaintiff,

    v.            MEMORANDUM OPINION
                    AND ORDER

Perkins Township, *et al.*,

         Defendants.

On January 10, 2022, Plaintiff Dannie Rainey filed a complaint seeking relief from alleged violations of state law and his federal and state constitutional rights which arose out of his arrest and subsequent criminal prosecution. (Doc. No. 1). Defendants seek a stay of these proceedings as Rainey's state court criminal proceedings are still ongoing. (Doc. Nos. 28 & 31). Rainey did not oppose the motions. For the following reasons, I grant Defendants' motion to stay the case.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests within the sound discretion of the District Court." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014) (citation and internal quotation marks omitted). When determining whether a stay of proceeding is appropriate, a district court may consider:

> (1) The extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private

      interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Id.* at 627 (citation omitted). The court should also consider "'the extent to which the defendant's fifth amendment rights are implicated.'" *Id.* (quoting *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995)) (further citation omitted). "The most important factor is the balance of hardships, but the district court must also consider whether granting the stay will further the interest in economical use of judicial time and resources." *Id.* (citation and internal quotation marks omitted).

      The balance of factors favors granting a stay. Rainey was indicted by an Erie County, Ohio grand jury on February 10, 2022. (Doc. No. 8). "A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations." *F.T.C.*, 767 F.3d at 628 (citation and internal quotation marks omitted).

      The conduct for which Rainey was indicted is directly related to the events he claimed caused his injuries in his complaint and proposed amended complaint. (*See* Doc. Nos. 1 & 27-1). In defense of his criminal prosecution, Rainey has raised many of the same constitutional issues for which he seeks relief in this court. (*See* Doc. Nos. 29-1 through 29-6). Thus, the outcome of his criminal proceedings may have direct application to his civil claims.

      "The public interest in effective criminal prosecution generally outweighs any existing civil interests." *U.S. Sec. & Exch. Comm'n v. Abdallah*, 313 F.R.D. 59, 64 (N.D. Ohio 2016). Rainey has not opposed the motion and indeed, "[he] may benefit from first defending against the criminal charges." *Id.* at 65 (noting staying the proceedings reduces the risk of self-incrimination, that

2

criminal discovery may be improperly expanded, or that either side may face prejudice prior to trial). Lastly, the interests of judicial economy support a stay because the results of the criminal proceedings "can contribute significantly to the narrowing of issues in dispute in the overlapping civil case . . . ." *Id.* (citation and internal quotation marks omitted).

Accordingly, I find a stay is warranted in this case until the conclusion of the state trial court criminal proceedings and grant Defendants' unopposed motion to stay. (Doc. No. 28). I deny Defendants' supplemental motion to stay as duplicative and moot. (Doc. No. 31). Defendants shall submit status reports on the progress of the criminal proceedings to me following any scheduling or substantive order of the state court regarding Rainey's criminal case, or at sixty-day intervals – whichever comes first. On motion by either party, I may revisit the issuance of the stay.

Finally, because the resolution of the criminal proceedings likely will require that the parties file updated pleadings, I deny Defendants' motions for judgment on the pleadings, (Doc. Nos. 9 and 15), and Rainey's motion to amend his complaint, (Doc. No. 24), without prejudice. Once the stay is lifted, I shall consult with the parties about the next steps in the litigation.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge