FILED

MAR 0 1 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DANNIE RAINEY
2613 PIONEER TRAIL. APT 111
SANDUSKY, OH 44870

  *Plaintiff,*

-vs-

PERKINS TOWNSHIP/PERKINS BOARD OF TRUSTEES
2610 COLUMBUS AVE
SANDUSKY, OHIO 44870

AND

PERKINS TOWNSHIP POLICE DEPARTMENT
2610 COLUMBUS AVE,
SANDUSKY, OHIO 44870

AND

JOSEPH BAUMAN
BRENT ADAMS
JOSHUA LANYI
JOSEPH ROTUNO
DET. MCDERMOTT
TIMOTHY ALEXANDER
JOHN DOE
(INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AS EMPLOYEES OF THE TOWNSHIP OF PERKINS)
C/O PERKINS TOWNSHIP POLICE DEPARTMENT
2610 COLUMBUS AVE
SANDUSKY, OHIO 44870

AND

THE LAW DIRECTOR FOR THE CITY OF SANDUSKY
240 COLUMBUS AVE
SANDUSKY, OHIO 44870

AND

**CASE NO. 3:22-CV-00042**

**JUDGE JEFFERY J. HELMICK**

**MAGISTRATE JUDGE DARRELL A. CLAY**

## PLAINTIFFS' FIRST AMENDED COMPLAINT

## JURY DEMAND ENDORSED HEREON

**BRENDAN HEIL**
**LYNNE GAST-KING**
**JOHN DOE CITY PROSECUTOR**
(INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITIES AS PROSECUTORS FOR THE CITY OF
SANDUSKY)
c/o CITY OF SANDUSKY LAW DIRECTOR
240 COLUMBUS AVE
SANDUSKY, OHIO 44870

AND

**ERIE COUNTY PROSECUTORS' OFFICE**
247 COLUMBUS AVE UNIT 319
SANDUSKY OHIO 44870

AND

**KEVIN J. BAXTER**
**PAULETTE LILLY**
**MATTHEW KISHMAN**
**JOHN DOE ASSISTANT COUNTY PROSECUTOR**
(INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITIES AS PROSECUTORS FOR ERIE
COUNTY)
c/o ERIE COUNTY PROSECUTOR'S OFFICE
247 COLUMBUS AVE UNIT 319
SANDUSKY OHIO 44870

AND

**ERIE COUNTY COMMON PLEAS COURT**
323 COLUMBUS AVE
SANDUSKY OHIO 44870

AND

**ROGER BINETTE**
**BEVERLY MCGOOKEY**
(INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITIES AS JUDGE FOR ERIE COUNTY)
c/o ERIE COUNTY COMMON PLEAS COURT
323 COLUMBUS AVE
SANDUSKY OHIO 44870

AND

**ERIE COUNTY SHERIFF**
2800 COLUMBUS AVE
SANDUSKY OHIO 44870

AND

**PAUL SIGSWORTH**
**JOHN DOE DEPUTY SHERIFF**
(INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITIES AS SHERIFF FOR ERIE COUNTY)
C/O ERIE COUNTY COMMON PLEAS COURT
323 COLUMBUS AVE
SANDUSKY OHIO 44870

AND

**JOHN DOE**
ATTORNEY AT LAW

AND

**YVETTE THOMPSON**
2634 APPLE AVE.
LORAIN, OHIO 44055

*Defendants.*

## GENERAL ALLEGATIONS

1. Plaintiff, Dannie Rainey (hereinafter "Mr. Rainey"), is an individual and at the time of the cause of the action was resident of the Township of Perkins in Erie County Ohio.

2. Defendant Yvette Thompson (hereinafter "Mrs. Thompson or Thompson") is and individual residing at 3463 Dallas Ave, in Lorain County, Ohio.

3. Defendant Joe Bauman (hereinafter "Bauman") is an individual and is employed by the Perkins Township Police Department. At all relevant times, he acted under color of state law and in his capacity as a Perkins Township police officer.

4. Defendant Brent Adams (hereinafter "Adams") is an individual and is employed by the Perkins Township Police Department. At all relevant times, he acted under color of state law and in his capacity as a Perkins Township police officer.

5. Defendant Joshua Lanyi (hereinafter "Lanyi") is an individual and is employed by the Perkins Township Police Department. At all relevant times, he acted under color of state law and in his capacity as a Perkins Township police officer.

6. Defendant Joseph Rotuno (hereinafter "Rotuno") is an individual and is employed by the Perkins Township Police Department. At all relevant times, he acted under color of state law and in his capacity as a Perkins Township police officer.

7. Defendant Timothy Alexander Sr. (hereinafter "Alexander") is an individual and is employed by the Perkins Township Police Department. At all relevant times, he acted under color of state law and in his capacity as a Perkins Township police officer.

8. Defendant Det. McDermott (hereinafter "McDermott") is an individual and is employed by the Perkins Township Police Department. At all relevant times, he acted under color of state law and in his capacity as a Perkins Township police officer.

9. Defendant Perkins Township/ Board of Trustees is a governmental entity existing under the laws of the State of Ohio with authority overseeing with authority overseeing the Perkins Township Police Department, and Bauman, Adams, Lanyi, Alexander, McDermott, and Rotuno in their official capacity as police officers.

10. Perkins Township Police Department is a governmental entity with authority overseeing, Bauman, Adams, Lanyi, Alexander, McDermott, and Rotuno in their official capacity as police officers.

11. At all relevant times, Defendant Perkins Township/ Board of Trustees and Defendant Perkins Township Police Department is also liable to Mr. Rainey for the injuries he sustained under the theory of "respondeat superior" in connection with the conduct if its employees.

12. Defendant Brendan Heil is an individual and is the City Attorney for the City of Sandusky and Perkins Township. At all relevant times, he acted under color of state law and in his capacity as a City Prosecutor.

13. Defendant Lynne-Gast King is an individual and is employed by the City of Sandusky as a assistance City prosecutor of the City of Sandusky and Perkins Township. At all relevant times, she acted under color of state law and in his capacity as an Assistant City Prosecutor.

14. Defendant John Doe (hereinafter "John Doe Assistant City Prosecutor") is an individual and is the assistant prosecutor for the City of Sandusky and Perkins Township. At all relevant times, she acted under color of state law and in his capacity as an Assistant City Prosecutor.

15. Defendant Law Director for the City of Sandusky is a governmental entity with authority overseeing Brendan Heil, Lynne-Gast King, and John Doe City Prosecutor in their official capacity as City Attorneys for Sandusky and Perkins Township.

16. At all times, the aforementioned Defendants acted within the city limits of Perkins Township, or within the City of Sandusky, Eire County Ohio in violation of 42 USC § 1983, Federal, and other Ohio State level offenses which caused Mr. Rainey to sustain injury.

17. At all relevant time Defendant Law Director for the City of Sandusky is also liable to Mr. Rainey for the injuries he sustained under the theory of "respondeat superior" in connection with the conduct if its employees.

18. Defendant Kevin Baxter is an individual and is the County Prosecutor for Erie County Ohio. At all relevant times, he acted under color of state law and in his capacity as an Erie County Prosecutor.

19. Defendant Paulette Lilly is an individual and is the Assistant County Prosecutor for Erie County Ohio. At all relevant times, he acted under color of state law and in his capacity as an Assistant Erie County Prosecutor.

20. Defendant Matthew Kishman is an individual and is the Assistant County Prosecutor for Erie County Ohio. At all relevant times, he acted under color of state law and in his capacity as an Assistant Erie County Prosecutor.

21. Defendant John Doe (hereinafter "John Doe Assistant County Prosecutor") is an individual and is the Assistant County Prosecutor for Erie County Ohio. At all relevant times, he acted under color of state law and in his capacity as an Assistant Erie County Prosecutor.

22. Defendant Prosecutors Office for Erie County is a governmental entity with authority overseeing Kevin Baxter, Paulette Lilly, Matthey Kishman, and John Doe Assistant County Prosecutor in their official capacity as Prosecutors for Erie County.

23. At all relevant time Defendant Kevin Baxter and Eire County is also liable to Mr. Rainey for the injuries he sustained under the theory of "respondeat superior" in connection with the conduct if its employees.

24. Defendant Roger Binette is an individual and is the Judge for Erie County Common Pleas Court in Ohio. At all relevant times, he acted under color of state law and in his capacity as a Judge Erie County Presecutor.

25. Defendant Beverly McGookey is an individual and is the Judge for Erie County Common Pleas Court in Ohio. At all relevant times, she acted under color of state law and in his capacity as a Judge Erie County Prosecutor.

26. Defendant Erie County Common Pleas Court is a governmental entity with authority overseeing Roger Binette and Beverly McGookey in their official capacity as Judges for Erie County.

27. Defendant Paul Sigsworth is an individual and is employed as the Sheriff for Erie County Ohio. At all relevant times, he acted under color of state law and in his capacity as the Erie County Sheriff.

28. Defendant John Doe (hereinafter "John Doe Deputy Sheriff") is an individual and is assistance sheriff for Erie County Ohio. At all relevant times, he acted under color of state law and in his capacity as the Deputy Sheriff.

29. Defendant Erie County Sheriff is a governmental entity with authority overseeing Paul Sigsworth, and John Doe Deputy Sheriff,

30. At all relevant time Defendant Eire County Sheriff is also liable to Mr. Rainey for the injuries he sustained under the theory of "respondeat superior" in connection with the conduct if its employees.

31. Defendant John Doe is an individual and is an attorney at law.

32. At all times, the aforementioned defendants acted within the limits of Erie County Ohio in violation of 42 USC § 1983, Federal law, and other Ohio State level offenses which caused Mr. Rainey to sustain injury.

## JURISDICTION AND VENUE

33. This court has jurisdiction over these claims pursuant to 28 USC §§ 1331, 1367, 2201, and 2202.

34. Venue is properly laid in this court pursuant to 28 USC §1391(b), as the Defendants reside in, and the claim arose in the Northern District of Ohio.

## FACTUAL ALLEGATIONS

35. Plaintiff alleges each allegation contained in paragraphs 1 through 34 as if the same were fully restated herein.

36. On the morning of May 6, 2021, at approximately 8:45 a.m., while Thompson visited Mr. Rainey's home, the two began arguing over money and a phone call Mr. Rainey received from a female friend while Thompson visited Mr. Rainey's home.

37. The argument between the two became heated and Mr. Rainey asked Thompson to leave the home.

38. Thompson complied, exited the home, but refused to return a key to Mr. Rainey's home she previously acquired.

39. Shortly after Thompson exited Mr. Rainey's home Mr. Rainey caused the locks to be changed by his apartment.

40. At approximately 6:45 p.m., later same night, Thompson returned to Mr. Rainey's home with her daughter, Sharlia Thompson, and began banging on Mr. Rainey's front door.

41. Due to Mr. Rainey's vision disability, he was unable to identify the individual through the door's peep hole, so Mr. Rainey open the door slightly to determine who was at the door.

42. When Mr. Rainey slightly opened the door and Thompson and Sharlia forcefully shoved the door open and force Mr. Rainey, at gun point, to his bedroom.

43. After stealing five hundred dollars from Mr. Rainey Defendant Thompson and Sharlia fled Mr. Rainey's home.

44. Defendant Adams and Defendant Bauman subsequently began conducting a burglary investigation at Mr. Rainey's apartment.

45. Defendant Adams and Defendant Bauman questioned Mr. Rainey related to injuries he sustained and the description of the perpetrators who burglarized his home.

46. During Defendant Adams and Defendant Bauman's investigation, Eire County Sheriff made contact with the perpetrators as they drove back to Lorain.

47. Thompson and Sharila were identified and apprehended by Eire County Sheriff driving green SUV.

48. Defendant Adams and Defendant Bauman subsequently searched Mr. Rainey's home.

49. The handgun that Thompson produced during the burglary was uncovered in a kitchen drawer and taken into evidence by Perkins Police.

50. Mr. Rainey was later charge with illegal possession of Thompson's handgun.

51. Defendant Adams, Defendant Bauman, Defenant Lanyi, and Defendant Rotuno, Defendant Alexander, Defendant McDermott collaborated with the armed burglary perpetrators to develop a narrative which placed blame for the possession of Thompson handgun on Mr. Rainey.

52. Defendant Paulette Lilly and Defendant Law Director for the City of Sandusky, Defendant Attorneys Brendan Heil and Defendant Law Directors employees relied solely on the uncorroborated statements of the armed burglary perpetrators, Thompson and Sharila, as a basis to file charges against Mr. Rainey.

53. Defendant Paulette Lilly referred charges of Mr. Rainey to the Defendants City Attorneys Brendan Heil and John Doe Assistant City attorney.

54. At the request of Defendant Paulette Lilly and Defendants Law Director for the City of Sandusky, and Defendant Law Directors employee Mr. Rainey was later arrested and jailed.

55. Mr. Rainey was forced to forfeit pay with his employer during his incarceration.

56. Mr. Rainey was subsequently arraigned on the charges brought by Defendant Law Director for the City of Sandusky, Defendant Brendan Heil, or John Doe Assistant City Prosecutor on behalf of Paulette Lilly.

57. In August of 2021 Defendant Law Director for the City of Sandusky, Defendant Brendan Heil, or John Doe Assistant City Prosecutor working in connection with Defendant Paulette Lilly withdrew their allegations and dismissed all charges brought against Mr. Rainey in connection with burglary and the possession of Thompson's handgun.

58. In January 2022, Mr. Rainey exercised his constitutional right to seek relief related to his arrest and prosecution in May of 2021, and filed a civil complaint against several above listed defendants in federal court.

59. In February 2022, Defendant Erie County Prosecutor's Office, Defendant Kevin Baxter, Defendant Paulette Lilly, Defendant Matthey Kishman, and Defendant John Doe Assistant Eire County Prosecutor sought the indictment and prosecution of Mr. Rainey.

60. Defendant Perkins Township, Defendant Adams, and Defendant Bauman also participated in the February 2022 prosecution.

61. Defendant Eire County Sheriff, Defendant Paul Sigsworth, and Defendant John Doe Deputy Sheriff took Mr. Rainey into custody in on July 7, 2023.

62. Mr. Rainey informed Defendant Eire County Sheriff, Defendant Paul Sigsworth, and Defendant John Doe Deputy Sheriff of the existence of his vision disability upon being taken into custody.

63. Defendant Roger Binette held Mr. Rainey without bail for approximately four months.

64. Defendant Roger Binette failed to hold a hearing on the denial of bail.

65. Defendant Beverly McGookey held Joe Doe Plaintiff without bail for unknow period of time.

66. Defendant Eire County Sheriff, Defendant Paul Sigsworth, and Defendant John Doe Deputy Sheriff denied Mr. Rainey access to services provided to individual without a vision disability for a significate portion of the time he remained in their custody.

<u>COUNT ONE 42 USC § 1983 VIOLATION OF FOURTH & FIFTH AMENDMENT</u>

67. Plaintiff alleges each allegation contained in paragraphs 1 through 66 as if the same were fully restated herein.

68. One May 6, 2021, Defendant Adams and Defendant Bauman were acting within the course and scope of their employment with Defendant Perkins Township and Defendant Perkins Township Police when they contacted Mr. Rainey about the burglary that had taken place in his home.

69. Defendant Adams coerced, deceived, and misrepresented the nature and the reason for the search of Mr. Rainey's home and search the home without providing Miranda Warnings.

70. Due to Defendants Adams and Defendant Bauman's coercion, deceit, and misrepresentation, Mr. Rainey was prohibited from freely and willfully offering his consent to collect evidence that the Perkins Police and Sandusky City Prosecutors would later use as the basis for charging Mr. Rainey.

71. Defendant Adams and Defendant Bauman did not have probable cause to search Mr. Rainey's home for any potential crime he may have committed and filed to provide Miranda Warnings.

72. Defendant Adams and Defendant Bauman violated Mr. Rainey Fourth Amendment and Fifth Amendment protection against unreasonable searches and seizures and Miranda because Defendant Adams and Defendant Bauman searched Mr. Rainey's home without Mr. Rainey's free, willful consent, and Miranda causing Mr. Rainey to sustain injury.

COUNT TWO 42 USC § 1983 VIOLATION OF SIXTH AMENDMENT

73. Plaintiffs allege each allegation contained in paragraphs 1 through 72 as if the same were fully restated herein.

74. Defendant Bauman and Defendant Adams violated Mr. Rainey's Sixth Amendment right to counsel because they knowingly continued to question Mr. Rainey after Mr. Rainey invoked his right to counsel.

75. As Defendant Bauman and Defendant Adams continued their investigating of the burglary at Mr. Rainey home, they questioned Mr. Rainey about the weapon located in the kitchen drawer.

76. Mr. Rainey explained to Defendant Bauman and Defendant Adams that he wanted to speak with an attorney.

77. Despite Mr. Rainey's request to speak to an attorney, Defendant Bauman and Defendant Adams continued interrogating Mr. Rainey.

78. Defendant Bauman and Defendant Adams continued interrogating of Mr. Rainey after requesting counsel, violated Mr. Rainey's Sixth Amendment right causing Mr. Rainey to sustain injury.

<u>COUNT THREE MALICIOUS PROSECUTION</u>

79. Plaintiffs allege each allegation contained in paragraphs 1 through 78 as if the same were fully restated herein.

80. On May 7, 2021, and at all relevant times thereafter, Defendant Erie County Prosecutor, Defendant Paulette Lilly, Defendant Law Director, and Defendant employee of the Law Direct was acting within the course and scope of her employment as the assistant prosecutor for the city and Sandusky and Perkins Township when deciding to file charges against Mr. Rainey.

81. Defendant Paulette Lilly encouraged, collaborated and relied solely on the statements of the armed burglary perpetrators, Thompson and Sharila, in deciding to file weapons charges against Mr. Rainey.

82. Defendant Paulette Lilly did not speak to Mr. Rainey regarding the armed burglary of his home or the ownership of the weapon he was later charged with.

83. Because Defendant Paulette Lilly failed to speak to Mr. Rainey regarding the burglary of his home and Defendant Paulette Lilly failed to conduct a proper investigation of the armed burglary, Defendant Paulette Lilly and Defendant Brendan Heil lack probable cause to prosecute Mr. Rainey.

84. Due to the Defendant's failure to conduct a proper or reasonable investigation of the armed burglary, instituting criminal charges against Mr. Rainey was egregious.

85. Despite their lack of probable cause, Defendant Paulette Lilly and Defendant Brendan Heil, and John Doe Assistant City Proseuctor maliciously prosected Mr. Rainey causing him to sustain injury.

<u>COUNT FOUR ABUSE OF PROCESS</u>

86. Plaintiffs allege each allegation contained in paragraphs 1 through 85 as if the same were fully restated herein.

87. Defendant Erie County Prosecutor, Defendant Paulette Lilly and Defendant Brendan Heil, and John Doe Assistant City Prosecutor collaborated with Defendants employee of Perkins Township and relied solely on the statements of the armed burglary perpetrators, Thompson and Sharila, in deciding to file charges against Mr. Rainey lacking probable cause.

88. Because Defendant Thompson, and her daughter Sharila' statements lack creditability, Defendant Paulette Lilly and Defendant Brendan Heil did not have probable cause to file charges against Mr. Rainey.

89. Due to the Defendant's failure to conduct a proper or reasonable investigation of the armed burglary, instituting criminal charges against Mr. Rainey was egregious.

90. Despite Defendant Paulette Lilly, Defendant Law Director of the City of Sandusky, and Defendant Brendan Heil's lack of probable cause to file charges against Mr. Rainey, they instituted criminal action against Mr. Rainey for a purpose the was unintended by law.

91. Defendant Paulette Lilly and Defendant Brendan Heil's maliciously instituted criminal action against Mr. Rainey and continued that action despite lacking probable cause, causing Mr. Rainey to sustain injury.

<u>COUNT FIVE 42 USC § 1983 FALSE ARREST</u>

92. Plaintiffs allege each allegation contained in paragraphs 1 through 91 as if the same were fully restated herein.

93. On May 8, 2021, Defendant Adams, Defendant McDermott, and Defendant Lanyi were acting within the course and scope of their employment with Defendant Perkins Township and Defendant Perkins Township Police when they contacted Mr. Rainey and placed him under arrest.

94. Defendant Alexander, Defendant Runtono, and Defendant Adams collaborated, with the armed burglary perpetrators to lay blame of the possession of Thompson handgun on Mr. Rainey.

95. Defendant Alexander, Defendant Runtono, and Defendant Adams, limited their investigation, of the illegal possession of a weapon, to the burglary suspect who had placed the weapon in Mr. Rainey drawer which was uncovered during the search of Mr. Rainey's home.

96. Defendant Alexander, Defendant Runtono, and Defendant Adams failed to conduct a reasonable investigation of the weapon's possession before recommending charges.

97. Because Defendant Alexander, Defendant Runtono, and Defendant Adams failed to conduct a reasonable investigation, there was no probable cause for Mr. Rainey's arrest.

98. Due to the Defendant's failure to conduct a proper or reasonable investigation of the armed burglary, the arrest of Mr. Rainey was egregious.

99.    The false arrest of Mr. Rainey caused him to sustain injury.

<u>COUNT SIX 42 USC § 1983 MALICIOUS FALSE IMPRISONMENT</u>

100.    Plaintiffs allege each allegation contained in paragraphs 1 through 99 as if the same were fully restated herein.

101.    Because Erie County Prosecutor, Defendant Erie County Prosecutor employees, and Defendant Perkins Township, Defendant Perkins Township employees, Defendant Law Director of Sandusky, Defendant Law Director employees and because Thompson's statements surrounding the burglary of Mr. Rainey's home and possession of the weapon lacked creditability, there was no probable cause for Mr. Rainey's arrest.

102.    Mr. Rainey was imprisoned by without probable cause and after a false arrest.

103.    The malicious false imprisonment of Mr. Rainey caused him to sustain injury.

<u>COUNT SEVEN INVASION OF PRIVACY AND INTENTIONAL AND/OR</u>

<u>NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS</u>

104.    Plaintiffs allege each allegation contained in paragraphs 1 through 103 as if the same were fully restated herein.

105.    Mr. Rainey was the victim of an armed burglary at home.

106.    The armed burglary was a traumatic event.

107.    Despite Mr. Rainey's contemporaneous 911 call for help, and his identification of the armed perpetrators, Erie County Prosecutor, Defendant Erie County Prosecutor employees, and Defendant Perkins Township, Defendant Perkins Township employees, Defendant Law Director of Sandusky, Defendant Law Director employees collaborated with, and relied solely on the statements of the burglary perpetrators as a basis to file charges against Mr. Rainey.

108.   Their conduct in instituting criminal charges against Mr. Rainey was egregious, it further victimized Mr. Rainey and caused him to face sever emotion distress.

109.   Over the course of the burglary investigation, through the dismissal of the charges filed against Mr. Rainey, the aforementioned Defendant's failed to conduct a reasonable investigation and committed several civil rights violations which caused him to face sever emotion distress.

<u>COUNT EIGHT BATTERY</u>

110.   Plaintiffs allege each allegation contained in paragraphs 1 through 109 as if the same were fully restated herein.

111.   Because Defendant Adams, Defendant McDermott, and Defendant Lanyi lacked probable cause to arrest Mr. Rainey in May of 2021, these Defendants did, without justification, subject Mr. Rainey to offensive contact during his arrest.

112.   Defendant Adams, Defendant McDermott, and Defendant Lanyi offensive contact with Mr. Rainey, without justification, caused him to sustain injury.

<u>COUNT NINE VIOLATION OF VICTIMS RIGHTS</u>

113.   Plaintiffs allege each allegation contained in paragraphs 1 through 112 as if the same were fully restated herein.

114.   Mr. Rainey was a victim of an armed burglary in his home.

115.   Defendant Erie County Prosecutor, Defendant Erie County Prosecutor employees, and Defendant Perkins Township, Defendant Perkins Township employees, Defendant Law Director of Sandusky, Defendant Law Director employees failed to inform Mr. Rainey of the progress of the burglary investigation, the reason why

charges were not filed against the perpetrators, and Mr. Rainey was not treated with courtesy, compassion or respect of the victims' rights and dignity.

116.    As a result of the aforementioned Defendant's failure to provide Mr. Rainey the services required for victims of crimes Mr. Rainey sustain injury.

COUNT TEN 42 USC § 1983 DISCRIMINATION

117.    Plaintiffs allege each allegation contained in paragraphs 1 through 116 as if the same were fully restated herein.

118.    Defendant Erie County Prosecutor, Defendant Erie County Prosecutor employees, and Defendant Perkins Township, Defendant Perkins Township employees, Defendant Law Director of Sandusky, Defendant Law Director employees failed to conduct a reasonable investigation of the burglary at Mr. Rainey's home.

119.    Because of Mr. Rainey's race and socio-economic status, the aforementioned defendants brought charged against Mr. Rainey despite lack of probable cause causing Mr. Rainey to sustain injury.

COUNT ELEVEN 42 USC § 1983 VINDICTIVE PRESCUTION

120.    Plaintiffs allege each allegation contained in paragraphs 1 through 119 as if the same were fully restated herein.

121.    At all relevant times thereafter, Defendant Erie County Prosecutor, Defendant Paulette Lilly, Defendant Kevin Baxter and John Doe Assistant County Prosecutor was acting within the course and scope of their employment as Prosecutors for Erie County when deciding to file charges against Mr. Rainey.

122.  In January 2022, Mr. Rainey exercised a constitutional right to seek relief against Defendants Perkins Township, Defendants City of Sandusky, and Defendants Erie County Prosecutors and Defendants Erie County Prosecutors employees.

123.  In February 2022, Defendant Erie County Prosecutor, Defendant Erie County Prosecutor employees, and Defendant Perkins Township employees sought and indictment and prosecution of Mr. Rainey because of his exercise of a constitutional right.

124.  Defendant Erie County Prosecutor, Defendant Erie County Prosecutor employees, and Defendant Perkins Township employees had a stake in the outcome of Mr. Rainey's prosecution.

125.  Defendant Erie County Prosecutor, Defendant Erie County Prosecutor employees, and Defendant Perkins Township employees sought and indictment and prosecution of Mr. Rainey for a vindictive purpose.

126.  Defendant Erie County Prosecutor, Defendant Erie County Prosecutor employees, and Defendant Perkins Township employees due process violation caused Mr. Rainey to suffer harm.

COUNT TWELVE 42 USC § 1983 VIOLATION OF THE EIGHTH AMENDMENT

127.  Plaintiffs allege each allegation contained in paragraphs 1 through 126 as if the same were fully restated herein.

128.  At all relevant times thereafter, Defendant Roger Benitte, Defendant Beverly McGookey were acting within the course and scope of their employment as Erie County Common Pleas Judges when denying bail.

129.  On July 7, 2023, Mr. Rainey was taken into custody by Defendant Erie County Sheriff.

130.  Defendant Roger Benitte denied Mr. Rainey bail without a hearing shortly thereafter.

131.  Defendant Roger Benitte denied Mr. Rainey's multiple attempts to reinstate bail in violation of the Eighth Amendment.

132.  Defendant Beverly McGookey denied John Doe Plaintiff bail without a hearing on an unknown date.

133.  Defendant Beverly McGookey denied John Doe Plaintiff bail in violation of the Eighth Amendment.

134.  Defendant Roger Benitte and Defendant Beverly McGookey's violation of the Eight Amendment Right to bail caused Mr. Rainey and John Doe Plaintiff to suffer harm.

### COUNT THIRTEEN 42 USC § 1983 AUSE OF PROCESS

135.  Plaintiffs allege each allegation contained in paragraphs 1 through 134 as if the same were fully restated herein.

136.  Defendant Roger Benitte, Defendant Beverly McGookey, Defendant Erie County Prosecutor, Defendant Erie County Prosecutor employees, and Defendant Perkins Township, Defendant Perkins Township employees use of the legal system was for a purpose it was not designed in the prosecution of Mr. Rainey and the denial of bail.

137.  Defendant Roger Benitte, Defendant Beverly McGookey, Defendant Erie County Prosecutor, Defendant Erie County Prosecutor employees, and Defendant Perkins Township, Defendant Perkins Township employees abuse of process caused Mr. Rainey to suffer harm.

<u>COUNT FOURTEEN 42 USC § 1983 VIOLATION OF THE AMERICAN WITH</u>

<u>DISABILITES ACT</u>

138.   Plaintiffs allege each allegation contained in paragraphs 1 through 140 as if the same were fully restated herein.

139.   At all relevant times thereafter, Defendant Erie County Sheriff, and Defendant John Doe Deputy Sheriff, were acting within the course and scope of their employment as a Erie County Sherriff.

140.   Mr. Rainey was taken in custody by Defendant Erie County Sheriff on July 7, 2023.

141.   Mr. Rainey made Defendant Erie County Sheriff and John Doe aware of his blindness disability when he was taken into custody.

142.   Defendant Eire County Sheriff and John Doe Sheriff failed to provide Mr. Rainy access to showers, telephone communication, entertainment, food, and recreational services as individuals without a blindness disability.

143.   Defendant Eire County Sheriff and John Doe Sheriff's denial of services to Mr. Rainey violates the Americans with disabilities act caused him to suffer damages.

**WHEREFORE,** Mr. Rainey Respectfully prays for judgment in his favor and against Defendants jointly and severally in an amount in excess of Twenty Million Dollars (20,000,000) plus attorney's fees, costs and fees.

**Respectfully submitted**, this March 1, 2024,

DANNIE RAINEY

Dannie Rainey
797 E. Market St, Apt 208
Akron, OH 44305
Telephone: 440-664-0212
Email: dannierainey@yahoo.com
Pro Se Plaintiff

## JURY DEMAND

Plaintiffs respectfully request and demand that the above causes of action be tried by a jury.

DANNIE RAINEY

Dannie Rainey
797 E. Market St, Apt 208
Akron, OH 44305
Telephone: 440-664-0212
Email: dannierainey@yahoo.com
Pro Se Plaintiff

### REQUEST FOR SERVICE

TO THE CLERK OF COURTS: PLEAS SERVE UNSERVED DEFENDANTS WITH A COPY OF THE COMPLAINT AND SUMMONS VIA CERTIFIED US MAIL, RETURN RECEIPT REQUESTED, AT THE ADDRESSES LISTED IN THE CAPTION OF THIS COMPLAINT.

**DANNIE RAINEY**

Dannie Rainey
797 E. Market St, Apt 208
Akron, OH 44305
Telephone: 440-664-0212
Email: dannierainey@yahoo.com
Pro Se Plaintiff

Page **23** of **23**