## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **Dannie Rainey,** | * | Case No.:  3:22-cv-00042 |
| | * | |
| Plaintiff, | * | Judge Jeffrey J. Helmick |
| | * | |
| vs. | * | |
| | * | |
| **Perkins Township/Perkins Board of** | * | |
| **Trustees, et al.,** | * | |
| | * | |
| Defendants. | | |

\* \* \* \* \* \* \* \*

_____

### MOTION TO DISMISS AND SUPPORTING MEMORANDUM
### OF DEFENDANTS ERIE COUNTY PROSECUTOR'S OFFICE, ERIE COUNTY
### PROSECUTOR KEVIN BAXTER, MATTHEW KISHMAN, PAULETTE LILLY AND
### SHERIFF PAUL SIGSWORTH

_____

Teresa L. Grigsby (0030401)
Jennifer A. McHugh (0084842)
SPENGLER NATHANSON P.L.L.
900 Adams Street
Toledo, Ohio  43604
tgrigsby@snlaw.com
jmchugh@snlaw.com
Telephone:  (419) 241-2201
Facsimile:  (419) 241-8599


*Attorneys for Defendants Erie County Prosecutor's Office,*
*Kevin Baxter, Paulette Lilly, Matthew Kishman,*
*and Erie County Sheriff, Paul Sigsworth*

**TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ......................................................................................................... ii

MEMORANDUM IN SUPPORT......................................................................................................1

I.      The Factual Allegations.........................................................................................................1

II.     The Legal Claims against the County Defendants ...............................................................3

III.    Legal Standards applicable to this Motion ..........................................................................5

IV.     Argument in Support of Rule 12 Dismissal of the Claims against the County
        Prosecutors ...........................................................................................................................5

        A.      The Erie County Prosecutor's Office is not *sui juris* .............................................6

        B.      The claims against the County Prosecutors are time-barred..................................6

        C.      No plausible claims for relief have been asserted against Prosecutor Baxter or
                Assistant Prosecutor Kishman ................................................................................8

        D.      The County Prosecutors are entitled to immunity ...............................................10

                1.      The Constitutional tort claims brought under Section 1983 are barred by
                        absolute immunity....................................................................................10

                2.      The common law tort claims are barred by Ohio Rev. Code Chapter 2744
                        immunity...................................................................................................11

        E.      The February 2022 Grand Jury Indictment bars the malicious prosecution claims
                asserted against the County Prosecutors ...............................................................12

        F.      The Abuse of Process claims are substantively invalid .......................................13

        G.      Counts 9 and 10 asserting "violation of victim's rights" and "discrimination" fail
                as a matter of law .................................................................................................14

V.      Argument in Support of Rule 12 Dismissal of the ADA Claim against
        the County Sheriff ................................................................................................................14

        CONCLUSION...................................................................................................................17

i

## <u>TABLE OF AUTHORITIES</u>

**PAGE**

## <u>CASES</u>

*Ashcroft* v. *Iqbal*, 556 U. S. 662 (2009)...................................................................................5

*Asher v. Unarco Material Handling, In*c., 596 F.3d 313 (6th Cir. 2010).............................8

*Barnes v. Wright,* 449 F. 3d 709 (6th Cir. 2006) ................................................................13

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .........................................................5

*Black v. Crone*, No. 3:20 CV 2869, 2021 U.S. Dist. LEXIS 81901 (N.D. Ohio Apr. 29, 2021) ....6

*Brown v. Cuyahoga Co., Oh.*, 517 Fed. Appx. 431 (6th Cir. 2013) ......................................8

*Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989)........................................................6

*Buckley v. Fitzsimmons,* 509 U.S. 259 (1993) ...................................................................12

*Carmichael v. City of Cleveland*, 571 F. App'x 426 (6th Cir. 2014) .............................11

*Cataldo v. U.S. Steel Corp*., 676 F.3d 542 (6th Cir. 2012)................................................6

*Collyer v. Darling*, 98 F.3d 211 (6th Cir.1996).................................................................7

*Erwin v. Edwards*, 22 F. App'x 579 (6th Cir. 2001) .........................................................5

*Etheredge v. AG Yost*, No. 3:23-cv-1497, 2024 U.S. Dist. LEXIS 29024
(N.D. Ohio Feb. 21, 2024) .................................................................................................5

*Fraley v. Ohio Gallia Cnty*., No. 97-3564, 1998 U.S. App. LEXIS 28078, 1998 WL 789385
 (6th Cir. Oct. 30, 1998)......................................................................................................7

*Gibson v. Matthews*, 926 F.2d 532 (6th Cir.1991)............................................................9

*Grant v. Hollenbach*, 870 F.2d 1135 (6th Cir. 1989) ...........................................11, 12

*Ham v. Sterling Emergency Servs. Of the Midwest, Inc.,* 575 Fed. Appx. 610
(6th Cir. 2014).....................................................................................................................8

*Higgason v. Stephens*, 288 F.3d 868 (6th Cir. 2002)......................................................11

*Hrynczyn v. Mitchell*, No. 4:07 CV 3833, 2008 U.S. Dist. LEXIS 18346,
2008 WL 649176 (N.D. Ohio Mar. 10, 2008) ...................................................................6

ii

*Imbler v. Pachtman*, 424 U.S. 409 (1976) ............................................................................10, 12

*Kerr v. Pollex*, No. 22-3993, 2023 U.S. App. LEXIS 21064 (6th Cir. Aug. 11, 2023)..................7

*Lenard v. City of Cleveland*, 2017 U.S. Dist. LEXIS 102206, 2017 WL 2832903
(N.D. Ohio) .................................................................................................................................6

*Martin v. Overton*, 391 F.3d 710 (6th Cir. 2004) ............................................................................5

*Moore v. WesBanco Bank, Inc.,* 612 F. App'x 816 (6th Cir. 2015)................................................13

*Peterson v. Heymes*, 931 F.3d 546 (6th Cir. 2019)..........................................................................9

*Pilgrim v. Littlefield*, 92 F.3d 413 (6th Cir. 1996)..........................................................................5

*Price v. Montgomery Cty*., 72 F.4th 711 (6th Cir. 2023)..........................................................10, 11

*Rapp v. Dutcher*, 557 F. App'x. 444 (6th Cir. 2014)......................................................................13

*Read v. City of Fairview Park*, 146 Ohio App. 3d 15 (2001) .....................................................7, 17

*Robertson v. Lucas,* 753 F.3d 606 (6th Cir. 2014.).........................................................................9

*Rose v. Cuyahoga Cty. Prosecutor's Office*, 2019 U.S. Dist. LEXIS 98664,
2019 WL 2451642 (N.D. Ohio).................................................................................................6

*Saunders v. Jones,* 728 F. App'x 563 (6th Cir. 2018) ...................................................................13

*Spurlock v. Thompson*, 330 F.3d 791 (6th Cir. 2003)....................................................................11

*Stew Farm v. Nat. Res. Conservation Serv*., 967 F. Supp. 2d 1164 (S.D. Ohio 2013)...................7

*Tablack v. Wellman,* 7th Dist. No. 04-MA-218, 2006-Ohio-4688 ...............................................14

*Taylor v. City of Akron, Summit County,* No. 5:13CV1635, 2013 WL 5503073
(N.D. Ohio Oct. 3, 2013) ..........................................................................................................9

*Thompson v. Clark,* 596 U.S. 36, 142 S. Ct. 1332 (2022) ...........................................................12

*Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430
(6th Cir. 2008)............................................................................................................................5

*Trussell v. Gen Motors Corp.,* 53 Ohio St. 3d 142 (1990) ...........................................................12

*Webb v. United States,* 789 F. 3d 647 (6th Cir. 2015) ..................................................................13

*Willitzer v. McCloud*, 6 Ohio St. 3d 447 (1983) ....................................................................12

*Yaklevich v. Kemp, Schaeffer & Rowe,* 68 Ohio St. 3d 294 (1994).................................13

## STATUTES AND RULES

42 U.S.C. § 1983............................................................................................3, 4, 6, 10, 13, 14

Ohio R.C. § 2305.10 ....................................................................................................................6

Ohio R.C. § § 2744.04(A).........................................................................................................7

Fed. Civ. R. 12(b)(6)..........................................................................................................1, 5, 6

Fed. R. Civ. P. 15(c) ...............................................................................................................4, 8

Fed. R. Civ. P. 15(c)(1)(C)(ii)....................................................................................................8

Defendants Erie County Prosecutor's Office, Erie County Prosecuting Attorney Kevin Baxter, Assistant Prosecutors Paulette Lilly and Matthew Kishman (the "County Prosecutors"), and Erie County Sheriff Paul Sigsworth (the "Sheriff") (all collectively referred to as the "County Defendants") move the Court for an Order issued under Fed. Civ. R. 12(b)(6) dismissing all claims asserted against them in the Amended Complaint (Rec. Doc. # 51).  As set forth in the following Memorandum, no valid legal claim has been pled against any of the County Defendants as a matter of law.

MEMORANDUM IN SUPPORT

## I. <u>The Factual Allegations.</u>

According to the Complaint, on May 6, 2021 an argument took place at Plaintiff's apartment involving Plaintiff and Defendant Yvette Thompson.[1]  Ms. Thompson left the apartment but later returned with her daughter Sharlia.[2]  The two shoved the apartment door open, and forced Plaintiff into his bedroom at gunpoint.[3]  Plaintiff says they stole $500 from him, and then fled.[4]

The "Erie County Sheriff" identified and apprehended Ms. Thompson and Sharlia as they drove back to Lorain.[5]  Meanwhile, during the course of the investigation of the alleged burglary at Plaintiff's apartment, Perkins Township police officers found the handgun that Ms. Thompson allegedly used during the burglary in a kitchen drawer of the apartment, and it was taken into evidence.[6]  Plaintiff asserts that the Perkins Township police officers then collaborated with Ms.

---

[1] Rec. Doc. #51, Page ID #550, Complaint Paragraph 36.
[2] Rec. Doc. #51, Page ID # 550, Complaint Paragraphs 38-40
[3] Rec. Doc. #51, Page ID #551, Complaint Paragraph 42
[4] Rec. Doc. #51, Page ID #551, Complaint Paragraph 43
[5] Rec. Doc. #51, Page ID #551, Complaint Paragraph 47
[6] Rec. Doc. #51, Page ID #551, Complaint Paragraphs 48-49

Thompson and Sharlia to develop a narrative in which he was blamed for possession of the gun.[7] Plaintiff was later charged with illegal possession of what he claims was Ms. Thompson's gun.[8]

Plaintiff asserts that Erie County Assistant Prosecutor Paulette Lilly, along with attorneys for the City of Sandusky, relied on the uncorroborated statements of Ms. Thompson and Sharlia as the basis upon which criminal charges were filed against him.[9]   He alleges that Assistant Prosecutor Lilly "referred charges" to the City attorneys, and at her request, he was later arrested and jailed.   According to the Complaint, Plaintiff was then arraigned on the charges brought by the attorneys for the City of Sandusky "on behalf of" Erie County Assistant Prosecutor Lilly.[10]

The initial charges brought in municipal court were dismissed for lack of jurisdiction.[11] However, according to the Complaint, in February 2022, Erie County Prosecutor Kevin Baxter, and Assistant Prosecutors Paulette Lilly and Matthews Kishman sought an indictment of Plaintiff.[12]  Plaintiff was thereafter indicted by a state grand jury for the felony of having a weapon under a disability in relation to the handgun found in the kitchen drawer.[13]  A copy of a summary of the indictment and the indictment dated February 10, 2022 are attached as Exhibits to the Complaint.[14]

The Complaint alleges that Erie County Sheriff Paul Sigsworth and a "John Doe" deputy took Plaintiff into custody on July 7, 2023, and that he informed them of having a vision

---

[7] Rec. Doc. #51, Page ID #551, Complaint Paragraph 51
[8] Rec. Doc. #51, Page ID #552, Complaint Paragraph 52
[9] Rec. Doc. #51, Page ID #552, Complaint Paragraph 53
[10] Rec. Doc. #51, Page ID #552, Complaint Paragraph 56
[11] Rec. Doc. # 8, Answer of the Perkins Defendants.
[12] Rec. Doc. #51, Page ID #552, Complaint Paragraph 59.
[13] Rec. Doc. # 8, Page ID #182, Answer of Perkins Defendants at ¶24.
[14] Rec. Doc. # 51-1 and # 51-2.

disability.[15] He asserts that the Sheriff and a "John Doe" deputy denied him access to services provided to individuals without such disabilities for a portion of the time he was in custody.[16]

## II.     __The Legal Claims against the County Defendants__.

Plaintiff's Amended Complaint ("Complaint") was filed on March 1, 2024.  Although the case has been pending since January 1, 2022, the County Defendants were not made parties to it until the March 1, 2024 filing.  The claims against the County Defendants break down into two groups -- i.e. claims made against the County Prosecutors and claims made against the Sheriff. The two groups of claims involve different conduct which allegedly occurred in different time frames.

The claims against the County Prosecutors relate to the involvement Prosecutor Lilly had with Plaintiff's initial arrest and the charges filed against him in the aftermath of the investigation of the May 2021 incident at his apartment, and his February 2022 indictment and prosecution on felony weapons charges.  Specifically, the Complaint makes the following claims involving the County Prosecutors:

- **Count Three "Malicious Prosecution."**    Plaintiff alleges "Defendant Erie County Prosecutor, Defendant Paulette Lilly" and other municipal defendants encouraged, collaborated and relied solely on the statements of Ms. Thompson and Sharlia in deciding to file weapons charges against him.  He says that Assistant Prosecutor Lilly did not speak to him, and failed to conduct a proper investigation.  Plaintiff asserts that Assistant Prosecutor Lilly lacked probable cause to prosecute him.

- **Count Four "Abuse of process."**  Plaintiff alleges "Defendant Erie County Prosecutor, Defendant Paulette Lilly" and other municipal defendants filed charges without probable cause, relying solely on the statements of Ms. Thompson and Sharlia, and without having conducted a proper investigation.

- **Count Six "42 U.S.C. § 1983 Malicious False Imprisonment."**   Plaintiff alleges that the "Erie County Prosecutor, Defendant Erie County Prosecutor employees" and other Defendants imprisoned him after a false arrest, because the statements surrounding the

---

[15] Rec. Doc. #51, Page ID #553, Complaint Paragraph 62.
[16] Rec. Doc. #51, Page ID #553, Complaint Paragraph 66.

events at his home and possession of the gun lacked credibility and there was no probable cause.

- **Count Seven:  "Negligent Infliction of Emotional Distress."**  Plaintiff asserts that the conduct of the "Erie County Prosecutor, Defendant Erie County Prosecutor employees" and other Defendants in instituting criminal charges against him and committing civil rights violations caused him to suffer severe emotional distress.

- **Count Nine:  "Violation of Victim's Rights."**  Plaintiff alleges that **"**Defendant Erie County Prosecutor, Defendant Erie County Prosecutor employees" and other Defendants failed to inform him of the progress of the burglary investigation and why charges were not filed against Ms. Thompson and Sharlia, and that he was not treated properly as an alleged victim.

- **Count Ten:  "42 U.S.C. §1983 Discrimination."**  Plaintiff alleges that **"**Defendant Erie County Prosecutor, Defendant Erie County Prosecutor employees" and other Defendants failed to conduct a reasonable investigation, and that he was criminally charged despite a lack of probable cause due to his race and socio-economic status.

- **Count Eleven:  "42 U.S.C. §1983 Vindictive Prosecution [sic]":**  Plaintiff alleges that "Defendant Erie County Prosecutor, Defendant Erie County Prosecutor employees" and other Defendants sought the indictment and prosecution for a vindictive purpose, and that a due process violation caused him to suffer harm.

- **Count Thirteen: "42 U.S.C. §1983 Abuse of Process."**  Plaintiff alleges that "Defendant Erie County Prosecutor, Defendant Erie County Prosecutor employees" and other Defendants used the legal system for a purpose for which it was not designed, and this abuse of process caused him to be harmed.

The single claim, brought under the Americans with Disability Act, against the Sheriff

grows out of the incarceration of Plaintiff which began on July 7, 2023.  Specifically, the

Complaint makes the following claim against the Sheriff:

- **Count Fourteen 42 U.S.C. § 1983 "Violation of the Americans with Disabilities Act."**  Plaintiff asserts that after being taken into custody on July 7, 2023 he made the Sheriff and a John Doe Defendant Deputy aware of his "blindness", but that they failed to provide him access to showers, telephone communications, entertainment, food and recreational services as provided to individuals without a vision disability.

### III. __Legal Standards applicable to this Motion__.

The County Defendants seek dismissal of Plaintiff's *pro* se Complaint under Fed. Civ. R. 12(b)(6).

Although *pro se* pleadings are given a liberal construction, the "lenient treatment generally accorded to pro se pleadings has limits." *Etheredge v. AG Yost*, No. 3:23-cv-1497, 2024 U.S. Dist. LEXIS 29024, at *3 (N.D. Ohio Feb. 21, 2024) quoting *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citation omitted). "Pro se plaintiffs still must meet basic pleading requirements, and courts are not required to conjure allegations on their behalf or construct claims for them." *Id.,* citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Under Fed. Civ. Rule 12(b)(6), a complaint is subject to dismissal if it fails to state a claim upon which relief may be granted. To avoid dismiss the rule, a complaint must contain enough factual allegations to make a claim for relief "plausible on its face," when its well-pleaded factual allegations are presumed true and all reasonable inferences are drawn in the non-moving party's favor. *Id.* at *3-4, citing *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). See also *Ashcroft* v. *Iqbal*, 556 U. S. 662 (2009).

### IV. __Argument in Support of Rule 12 Dismissal of the Claims against the County Prosecutors.__

The eight claims for relief identified above which assert constitutional and common law tort claims against the County Prosecutors are invalid for multiple reasons. Without waiving the any other arguments or defenses which might apply, the County Prosecutors seek dismissal at the Rule 12 stage for the following reasons.

**A.      The Erie County Prosecutor's Office is not *sui juris*.**

First, all claims in the Complaint which may be interpreted as having been brought against the Erie County Prosecutor's Office must be dismissed because that entity is not capable of being sued. *Black v. Crone,* No. 3:20 CV 2869, 2021 U.S. Dist. LEXIS 81901, at *6 (N.D. Ohio Apr. 29, 2021) (holding that an Ohio county prosecutor's office is not *sui juris*, and not capable of being sued), citing *Rose v. Cuyahoga Cty. Prosecutor's Office*, 2019 U.S. Dist. LEXIS 98664, 2019 WL 2451642, at *1 (N.D. Ohio) (citing *Lenard v. City of Cleveland*, 2017 U.S. Dist. LEXIS 102206, 2017 WL 2832903, at *2 (N.D. Ohio) (under Ohio law, county prosecutor's office is not a legal entity capable of being sued)).

Because the Erie County Prosecutor's Office is merely a statutorily-created subunit of local government and cannot be sued as a separate entity, it must be dismissed as a party to the case.

**B.      The claims against the County Prosecutors are time-barred.**

The claims against the County Prosecutors are either constitutional tort claims asserted under 42 U.S.C. §1983, or common law torts asserted under Ohio law.   In either case, the claims are barred by the applicable statute of limitations.  Where the allegations in a complaint affirmatively show that the claim is time barred, dismissal under Rule 12(b)(6) is appropriate. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

As to the Section 1983 constitutional torts, the applicable statute of limitations for claims arising in Ohio is the two-year statute of limitations found in Ohio Revised Code § 2305.10. *Browning v. Pendleton*, 869 F.2d 989, 990 (6th Cir. 1989) (two-year statute of limitations for actions for bodily injury "is the appropriate statute of limitations for actions arising in Ohio under 42 U.S.C. § 1983"); see also *Hrynczyn v. Mitchell*, No. 4:07 CV 3833, 2008 U.S. Dist.

LEXIS 18346, 2008 WL 649176, at *2 (N.D. Ohio Mar. 10, 2008) (dismissing as time-barred an action filed six years beyond the two-year limitations period for bringing § 1983 claims) (citing *Fraley v. Ohio Gallia Cnty*., No. 97-3564, 1998 U.S. App. LEXIS 28078, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998) (affirming *sua sponte* dismissal of a pro se § 1983 action filed after two-year statute of limitations had expired)).

Likewise, common law tort claims against employees of a political subdivision are subject to the two-year statute of limitations set forth at Ohio Revised Code § 2744.04(A), which prevails over the general statutes of limitations contained in R.C. Chapter 2305. *Kerr v. Pollex*, No. 22-3993, 2023 U.S. App. LEXIS 21064, at *9 (6th Cir. Aug. 11, 2023).  See also *Stew Farm v. Nat. Res. Conservation Serv*., 967 F. Supp. 2d 1164, 1174 (S.D. Ohio 2013) ("[c]laims made against government subdivisions and their employees are governed by the two-year statute of limitations set forth in O.R.C. § 2744.04(A), citing *Read v. City of Fairview Park*, 146 Ohio App. 3d 15, 20 (2001)).

The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir.1996).  Here, the events giving rise to Plaintiff's constitutional and common law tort claims grow out of the incident at his apartment which occurred in May 2021, and for which he was arrested on a date unidentified in the Complaint, but which certainly occurred before August 2021 (when Plaintiff says the original charges against him were dismissed.)  At the very latest, and probable well before, Plaintiff had reason to know of the involvement of the County Prosecutors when the felony indictment was issued by the Grand Jury on February 10, 2022 (Complaint Exhibit 51-2.)  All of these events, including the indictment, occurred more than two

7

years before the Amended Complaint naming the County Prosecutors was filed on March 5, 2024.

Plaintiff cannot avoid dismissal by invoking Fed. R. Civ. P. 15(c), which allows an amended complaint to relate back to the original date of filing for statute of limitations purposes under certain circumstances. "Relation back" is only available when there is a change in parties due to "a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). Accordingly, "Rule 15(c)(1)(B) allows relation back of an amendment asserting a 'claim or defense,' but it does not authorize the relation back of an amendment adding a new party." *Asher v. Unarco Material Handling, In*c., 596 F.3d 313, 318 (6th Cir. 2010).   See also, *Ham v. Sterling Emergency Servs. Of the Midwest, Inc.,* 575 Fed. Appx. 610, 615-17 (6th Cir. 2014) (While the Rule permits the correction of misnomers, it does not permit the addition of new parties after the expiration of the statute of limitations); *Brown v. Cuyahoga Co., Oh.*, 517 Fed. Appx. 431, 434 (6th Cir. 2013) (Opting not to find out whom to sue within the limitation period or simply not knowing whom to sue does not constitute a 'mistake' for purposes of relation back.).

The County Prosecutors are all new parties added to the case by the Amended Complaint. That document did not change parties due to a misnomer-type mistake.  It added new, additional County Defendants.   Because the statute of limitations for the constitutional and common law tort claims asserted against the County Prosecutors has expired, all claims against them must be dismissed.

### C.     No plausible claims for relief have been asserted against Prosecutor Baxter or Assistant Prosecutor Kishman.

In cases such as these, Plaintiff must allege sufficient facts making it plausible that *each named Defendant* sued in their individual capacity bears legal liability.  Individual liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based

on any problems caused by the errors of others, either defendants or non-defendants." *Taylor v. City of Akron, Summit County,* No. 5:13CV1635, 2013 WL 5503073, at *3 (N.D. Ohio Oct. 3, 2013), citing *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir.1991). Each Defendant is entitled to an individualized assessment of the claim against them. *Peterson v. Heymes*, 931 F.3d 546, 555 (6th Cir. 2019). See also *Robertson v. Lucas,* 753 F.3d 606, 615 (6th Cir. 2014.)

Yet, the Complaint contains only vague, conclusory allegations as to Defendants County Prosecutor Kevin Baxter and Assistant Prosecutor Kishman. The only specific factual references to them by name (apart from their identification as parties at the beginning of the Complaint) is found at Paragraph 59 of the Complaint, where they, along with Defendant Assistant Prosecutor Lilly, are alleged to have "sought the indictment and prosecution" of Plaintiff. That factual allegation is not enough to satisfy the plausibility requirement needed to overcome a Rule 12 motion because there is nothing inherently wrongful about prosecutors seeking an indictment and prosecution.

Plausibility for purposes of a Rule 12 analysis requires more than a sheer possibility that a defendant has acted unlawfully. *Twombly,* 550 U.S. at 556. In evaluating plausibility, a court need not accept as true "a legal conclusion couched as a factual allegation," nor "recitations of the elements of a cause of action." *Twombly,* supra, 550 U.S. at 555. See also, *Iqbal,* 556 U.S. at 678. A plaintiff must provide more than labels and conclusions. A complaint fails if it tenders only "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. 557.

Here, there has been utterly no "factual enhancement," concerning the conduct or actions of County Prosecutor Baxter and Assistant Prosecutor Kishman. The factual allegations against their colleague, Assistant Prosecutor Lilly, contain at least some slight augmentation describing

conduct which Plaintiff contends is wrongful.[17]  But not even those facts are alleged against Defendants Baxter and Kishman.  No individual conduct, apart from seeking an indictment and prosecution -- which their jobs require them to do -- is identified.

Therefore, the claims against these two County Prosecutor Defendants fail to satisfy fundamental pleading requirements and must be dismissed for that reason.

> **D.  The County Prosecutors are entitled to immunity.**

No claim against any of the County Prosecutors can proceed in any event, because they are all entitled to immunity for both the constitutional and common law claims.

> **1.  The Constitutional tort claims brought under Section 1983 are barred by absolute immunity.**

The federal claims asserted in Counts 6, 11 and 13 which assert malicious prosecution, false arrest, abuse of process and vindictive prosecution under 42 U.S.C. §1983 asserted against the County Prosecutors are all barred because they are entitled to absolute immunity.

Prosecuting attorneys are entitled to "absolute immunity" for activities which are "intimately associated with the judicial process." *Price v. Montgomery Cty.*, 72 F.4th 711, 719 (6th Cir. 2023) quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).  This includes such conduct as making judgment calls as to how pre-trial matters are handled, trials are conducted, witnesses are used, and evidence is presented.  *Id.*  Plaintiff has alleged no facts involving Defendants Baxter and Kishman which lie outside these types of tasks for which absolute immunity applies.

The crux of the factual allegations against Assistant Prosecutor Lilly are that she decided to file charges and proceeded with the prosecution of Plaintiff relying solely on the statements of the witnesses, Ms. Thompson and Sharlia, which Plaintiff claims lacked credibility.  Yet,

---

[17] E.g. Rec. Doc. #51, Page Id #552, 555-56, Amended Complaint, Paragraphs 52, 53, 80-85, 87-90

communications with witnesses who will testify at trial is "plainly within the prosecutorial role." *Price,* supra, 72 F. 4th at 720, citing *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002) and Spurlock *v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003.) Absolute immunity also applies to the "decision to investigate or not to investigate and to present the facts discovered in a judicial proceeding, including presentment to a grand jury." *Grant v. Hollenbach*, 870 F.2d 1135, 1139 (6th Cir. 1989).

Therefore, because all of her actions are plainly "in furtherance of genuine prosecutorial interest," Assistant Prosecutor Lilly, too, has absolute immunity for her actions.[18]

### 2. The common law tort claims are barred by Ohio Rev. Code Chapter 2744 immunity.

The common law tort claims asserted in Counts 3, 4 and 7 which assert claims of malicious prosecution, abuse of process and negligent infliction of emotional distress all fail because of the statutory immunity afforded to Ohio public employees under Ohio Rev. Code Chapter 2744. Specifically, Ohio R.C. §2744.03(A)(7) provides:

> The political subdivision, and ***an employee who is a county prosecuting attorney,*** city director of law, village solicitor, or similar chief legal officer of a political subdivision, ***an assistant of any such person,*** or a judge of a court of this ***state is entitled to any defense or immunity available at common law or established by the Revised Code.*** (Emphasis added.)

In *Carmichael v. City of Cleveland*, 571 F. App'x 426, 437 (6th Cir. 2014), the Sixth Circuit interpreted this statute in context with claims brought against an assistant prosecuting attorney who was alleged to have failed to have properly investigated a case and failed to bring proper charges. The Sixth Circuit found that immunity existed at common law, holding:

---

[18] The County Defendants recognize that where a prosecutor's actions are not intimately associated with the judicial process, a qualified immunity applies. *Price v. Montgomery Cty*., 72 F.4th 711, 719-20 (6th Cir. 2023). But since the conduct in question here clearly relates to the judicial process, the qualified immunity analysis need not be reached, although the County Defendants preserve that defense.

> At common law, prosecuting attorneys enjoyed absolute immunity when initiating a prosecution and presenting the state's case. *Willitzer v. McCloud*, 6 Ohio St. 3d 447, 6 Ohio B. 489, 453 N.E.2d 693, 695 (Ohio 1983) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)). Accordingly, absolute immunity applies to acts such as "the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made." *Buckley v. Fitzsimmons,* 509 U.S. 259, 273, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993). Absolute immunity also applies to the "decision to investigate or not to investigate and to present the facts discovered in a judicial proceeding, including presentment to a grand jury." *Grant v. Hollenbach*, 870 F.2d 1135, 1139 (6th Cir. 1989). These are the acts upon which Plaintiff has based her claims against Coyne, and therefore, it was proper for the district court to find that Coyne was entitled to absolute immunity and dismiss the claims against her.

All of the common law tort claims asserted against the County Prosecutors have their source in conduct related to the evaluation of evidence and decision-making concerning the prosecution of Plaintiff.  Even the claim for negligent infliction of emotional distress is founded on the claim that Plaintiff was distressed as a result of the institution of criminal charges against him.  These are matters for which immunity applied at common law, and therefore, they are matters for which the County Prosecutors have immunity under Ohio R.C. §2744.03(A)(7).

**E.  The February 2022 Grand Jury Indictment bars the malicious prosecution claims asserted against the County Prosecutors.**

Counts 3, 6 and 11, although styled in various ways, assert various forms of claims for malicious prosecution.

Whether asserted under federal or state law, a malicious prosecution claim requires a plaintiff to establish the absence of probable cause.  See *Trussell v. Gen Motors Corp.,* 53 Ohio St. 3d 142 (1990) (identifying the elements of an Ohio common law malicious prosecution claim as including the absence of probable cause) and *Thompson v. Clark,* 596 U.S. 36 (2022)

(recognizing in the federal context that the "wrongful initiation of charges without probable cause is likewise the gravamen of the tort of malicious prosecution.")

In this case, however, the February 10, 2022 Grand Jury Indictment which is attached as an Exhibit to Plaintiff's Complaint conclusively establishes probable cause. See e.g. *Saunders v. Jones,* 728 F. App'x 563, 565 (6th Cir. 2018); *Webb v. United States,* 789 F. 3d 647, 660 (6th Cir. 2015), quoting *Barnes v. Wright,* 449 F. 3d 709, 716 (6th Cir. 2006). Therefore, even could Plaintiff overcome the pleading, statute of limitations, and immunity defects in his Complaint, the existence of the Grand Jury Indictment operates to invalidate the malicious prosecution claims on their merits.

**F.      The Abuse of Process claims are substantively invalid.**

Counts 4 and 13 assert claims for abuse of process, under common law and Section 1983, respectively. These claims, too, are fundamentally flawed and should be dismissed, assuming for argument's sake that the County Prosecutor's other arguments could be overcome.

Count 13 fails on its face because the Sixth Circuit does not recognize a federal claim for abuse of process under 42 U.S.C. § 1983. See *Moore v. WesBanco Bank, Inc.,* 612 F. App'x 816, 823 (6th Cir. 2015) ("[T]his court has consistently declined to recognize an abuse-of-process claim under 42 U.S.C. § 1983" citing *Rapp v. Dutcher,* 557 F. App'x. 444, 448 (6th Cir. 2014) ("[A] federal abuse of process claim does not exist in the law of this circuit.").

Count 4 -- the common law abuse of process claim -- should be dismissed on its merits because it is incompatible with Plaintiff's malicious prosecution claims. The elements of a common law abuse of process claim require a plaintiff to allege that a legal proceeding has been set in motion in proper form and with probable cause. *Yaklevich v. Kemp, Schaeffer & Rowe,* 68 Ohio St. 3d 294, 298 (1994). Yet, Plaintiff's Complaint in this case repeatedly alleges that he

was prosecuted in the absence of probable cause. In that situation, a plaintiff "defeats his own claim" for abuse of process by asserting that one of the necessary elements for abuse of process does not exist. *Tablack v. Wellman,* 7th Dist. No. 04-MA-218, 2006-Ohio-4688, ¶¶ 141-142.

**G. Counts 9 and 10 asserting "violation of victim's rights" and "discrimination fail as a matter of law.**

Finally, Counts 9 and 10 also are substantively invalid. The County Prosecutors incorporate and adopt by reference the arguments in this regard presented by the City Defendants in Rec. Doc. #71, Page ID 761-763.

In sum, none of the claims against the County Prosecutors can survive to the discovery stage, and all of them should be dismissed because they are invalid or barred as a matter of law.

**V. Argument in Support of Rule 12 Dismissal of the Claim against the County Sheriff.**

Upon dismissal of the claims against the County Prosecutors, the only claim remaining against the County Defendants is that asserted in Count 13 -- a claim brought against Defendant Sheriff Sigsworth which asserts a violation of the Americans with Disabilities Act. Specifically, Plaintiff alleges that Sheriff "failed to provide Mr. Rainy access to showers, telephone communication, entertainment, food, and recreational services as individuals without a blindness disability."[19]

Plaintiff appears to be asserting a claim under Title II of the ADA, 42 U.S.C. §§ 12132, which provides:

> Subject to the provisions of this title, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

---

[19] Rec. Doc. # 51, Page ID # 563, Complaint Paragraph 142.

Two types of claims may be made under this provision: claims for intentional discrimination and claims for failure to provide a reasonable accommodation. *Roell v. Hamilton County*, 870 F.3d 471, 488 (6th Cir. 2017) (citing *Ability Ctr. of Greater Toledo v. City of Sandusky*, 385 F.3d 901, 907 (6th Cir. 2004)).

Plaintiff's Complaint does not contain allegations that he was not provided with a particular accommodation which he requested or needed due to his vision condition. Cf. *Williamson v. Wheeler*, No. 22-4017, 2023 U.S. App. LEXIS 20741, at *5-6 (6th Cir. Aug. 9, 2023). In *Williamson,* the Sixth Circuit found that a prisoner's complaint stated a plausible ADA accommodation claim because it alleged that the defendants denied him access to a rollator, which had been previously provided to him by a physician to assist with ambulation and to alleviate pain. But here, Plaintiff does not allege that Plaintiff requested and was denied a particular accommodation needed to allow him to enjoy meaningful access jail services, such as the accommodation of receiving and using eyeglasses or a cane. He does not allege that a medical clinician prescribed a device, treatment or medication which the jail refused to supply. Bare assertions or conclusory statements like those made by Plaintiff are insufficient to support an ADA Title II failure to accommodate claims. See e.g. *Keller v. Chippewa Cty.*, 860 F. App'x 381, 387 (6th Cir. 2021); *Williams v. Reid,* No. 1:12 CV 2499, 2013 U.S. Dist. LEXIS 89756 *15-16 (N.D. Ohio June 26, 2013).

Therefore, because the Complaint cannot proceed on a failure to accommodate ADA theory, it must be analyzed to determine if it states a claim for intentional discrimination under the ADA. Such claims are governed by the *McDonnell Douglas* burden-shifting framework. *Keller v. Chippewa Cty.*, 860 F. App'x 381, 388 (6th Cir. 2021) citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).

First, the plaintiff is required to establish a *prima facie* case of discrimination by showing that he: (1) has a disability; (2) is otherwise qualified; and (3) was excluded from participation in, denied the benefits of, or subjected to discrimination under the program because of his disability. *Keller* at 388.  If the plaintiff makes this *prima facie* showing, the defendant must then offer a legitimate, nondiscriminatory reason for its challenged action. *Keller* at 388.  If the defendant meets this burden of production (not persuasion), then plaintiff must allege and establish that the defendant's explanation is a pretext for unlawful discrimination. *Id.*

Assuming for purposes of argument only, but not conceding that Plaintiff can fit within the definition of being "disabled,"  Plaintiff has failed to allege facts showing that he was denied jail services ***"because of"*** his purported disability -- an essential allegation to make out a *prima facie* case.  Rather, at most, his complaint might allege different services were provided to himself versus non-visually impaired prisoners.  But that is not enough to infer that his alleged lack of access to various jail programs was the result of intentional discrimination.  Failure to make these allegations, rendered his Complaint subject to dismissal at the pleadings stage, as explained just days ago in *Schultz v. Hanculak,* No. 1:24 CV 224, 2024 U.S. Dist. LEXIS 72338, at *5 (N.D. Ohio Apr. 22, 2024):

> The ADA is a discrimination statute, not a basic civility code. *Rorrer v. City of Stow*, 743 F.3d 1025, 1046-47 (6th Cir. 2014). Plaintiff cannot simply allege an illness or medical condition and conclude that all negative interactions he experiences are a violation of the ADA. ***Plaintiff must also allege facts to suggest that the Defendants discriminated against him by reason of his disability.*** Here, the Complaint is devoid of any allegation that suggests Defendants' actions were motivated by his disability. While Plaintiff need not prove his *prima facie* case in his Complaint, he is still obligated to allege facts from which an inference can be drawn that all the material elements of his claim can be proven. The Complaint falls short of meeting these pleading standards.  (Emphasis added.)

16

See also, e.g. *Mutschler v. SCI Albion CHCA Health Care*, 445 F. App'x 617, 621 (3d Cir. 2011) (dismissing on Rule 12 a prisoner's ADA claim because he failed to "allege any facts that demonstrate that the alleged improper medical care he received was because of his disability," citing *Iqbal*.)

The threadbare ADA claim contained in Plaintiff's Complaint does not include **allegations of fact --** as opposed to self-serving conclusions -- suggesting that Plaintiff's purported denial of access to jail services was motivated by an intent to discriminate based on disability.   Therefore, it cannot survive Rule 12 scrutiny.

**VI.**    **Conclusion**

Because none of the Causes of Action pled in Plaintiff's Complaint set forth a legally valid or plausible claim for relief against the County Defendants, the claims asserted against them should be dismissed in their entirety, with all costs borne by Plaintiff.

Respectfully submitted,

**SPENGLER NATHANSON P.L.L.**

 /s/ *Teresa L. Grigsby*
Teresa L. Grigsby (0030401)
tgrigsby@snlaw.com
Jennifer A. McHugh (0084842)
jmchugh@snlaw.com
SPENGLER NATHANSON P.L.L.
900 Adams Street
Toledo, Ohio  43604
Telephone:  (419) 241-2201
Facsimile:  (419) 241-8599

and

*/s/ Gerhard R. Gross*
Gerhard R. Gross (0072214)
ggross@eriecounty.oh.gov
Erie County Chief Assistant Prosecutor
247 Columbus Avenue, Suite 319

Sandusky, OH  44870
Telephone:  (419) 627-7697
Facsimile:  (419) 627-7567

*Attorneys for Defendants Erie County Prosecutor's Office, Kevin Baxter, Paulette Lilly, Matthew Kishman, and Erie County Sheriff, Paul Sigsworth*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of April, 2024, a copy of the foregoing instrument was filed electronically with the Court's electronic filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*/s/ Teresa L. Grigsby*
Teresa L. Grigsby

684724

18