UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dannie Rainey,                                                               Case No. 3:22-cv-42

            Plaintiff,

    v.                                                           MEMORANDUM OPINION
                                                                        AND ORDER

Perkins Township Board of Trustees, *et al.*,

            Defendants.

Plaintiff Dannie Rainey, acting *pro se*, filed a motion asking me to enjoin the proceedings in a criminal case in which he is the defendant. (Doc. No. 87).[1] Defendants filed briefs in opposition. (Doc. Nos. 85, 86, and 90). For the reasons that follow, I deny Rainey's motion.

Rainey sued Perkins Township, its police department, Perkins Township police officers, prosecutors for the city of Sandusky, prosecutors for Erie County, two Erie County judges, the Erie County sheriff's office, Erie County police officers, Yvette Thompson, and a number of John Does for events arising out of Rainey's arrest and prosecution on a gun possession charge. (*See* Doc. No. 51). A criminal case against Rainey for that gun possession charge is pending in the Erie County, Ohio Court of Common Pleas. *See generally State of Ohio v. Rainey*, 2022 CR 0058 (Erie Cnty. Ct. Com. Pl.). From March 31, 2023 until October 12, 2023, I stayed this case at Defendants' request and with no objection by Rainey to allow Rainey's criminal case to proceed. (*See* Doc. Nos. 33 and 39).

---

[1] Rainey filed his initial motion on June 18, 2024, and then sought to replace his initial filing with an updated one on June 20, 2024, after Defendants filed their briefs in opposition. (*See* Doc. Nos. 84 and 88). Rainey's two filings raise substantially the same arguments, so I will consider the updated filing for purposes of this opinion and order.

Now, relying on *Younger v. Harris*, 401 U.S. 37 (1971), Rainey requests "an emergency stay of Erie County Common Pleas Court Criminal Case No. 2022 CR 0058" until his civil case has concluded, a "preliminary injunction" of the Erie County criminal case until his civil case has concluded, and a "permanent injunction perpetually enjoining and restraining the Erie County Common Pleas Court from taking any further action" in his criminal case until his civil case has concluded. (Doc. No. 84 at 6). In substance, this amounts to a request that I enjoin the proceedings in the pending Erie County criminal case until this civil case has been finally resolved.

Under *Younger* and its progeny, "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 364 (1989). This prohibition applies when three conditions are met: "(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (internal citation and quotation marks omitted). A movant bears the burden of demonstrating why an injunction is warranted. *See Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002)

A state judicial proceeding is "on-going" if it is pending when the federal lawsuit is initially filed. *Hill v. Snyder*, 878 F.3d 193, 205 (6th Cir. 2017). This includes a scenario "where state criminal proceedings are begun against the federal plaintiffs after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court." *Hicks v. Miranda*, 422 U.S. 332, 349 (1975).

Here, Rainey concedes he is the defendant in a criminal case currently pending before the Erie County Court of Common Pleas. (*See* Doc. No. 87 at 4); *see generally Rainey*, 2022 CR 0058 (Erie Cnty. Ct. Com. Pl.). That action began when he was indicted on February 10, 2022. *Rainey*, Indictment, 2022 CR 0058 (Erie Cnty. Ct. Com. Pl. Feb. 10, 2022). One month prior, on January

10, 2022, Rainey filed his Complaint in this action. (*See* Doc. No. 1). By the time he was indicted, the following events had taken place in this case: Rainey served his Complaint, (*see* Doc. Nos. 4 and 5), several Defendants filed a motion to extend the deadline to respond to the Complaint, (Doc. No. 6), and another Defendant filed an Answer. (Doc. No. 7). While I had granted the motion to extend the responsive pleading deadline by non-document Order, no substantive proceedings on the merits had occurred. (*See* February 8, 2022 non-document Order). Therefore, Rainey's state court criminal prosecution was "on-going" for purposes of *Younger*. *See Zalman v. Armstrong*, 802 F.2d 199, 203 (6th Cir. 1986) (measuring whether a state prosecution was ongoing from the date the district court held a hearing on a motion for temporary injunctive relief).

Next, the state court proceedings implicate important state interests because "state criminal proceedings involve important state interests." *Gonnella v. Johnson*, 115 F. App'x 770, 771 (6th Cir. 2004). Rainey does not argue otherwise. (*See* Doc. No. 87 at 6-8).

Finally, Rainey suggests his ongoing state court criminal case is an inadequate forum in which to litigate constitutional challenges because he "has limited means to retain a skilled attorney to ensure that both his state criminal proceeding and his federal case are appropriately litigated." (Doc. No. 87 at 8). But the third *Younger* factor concerns whether "state procedural law bar[s] presentation of [a] claim[]." *Moore v. Sims*, 442 U.S. 415, 432 (1979). Because Rainey does not identify any such Ohio procedural law, he fails to carry his "burden" on this prong. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987).

Rainey raises no other argument as to why the *Younger* line of cases should not bar his request for injunctive relief. Accordingly, for the reasons above, I deny his motion. (Doc. No. 87).

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge