UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Dannie Rainey,  	Case No. 3:22-cv-42

        Plaintiff,

   v.  	MEMORANDUM OPINION
                                    AND ORDER

Perkins Township Board of Trustees, *et al.*,

        Defendants.


On June 21, 2024, I denied *pro se* Plaintiff Dannie Rainey's motion to enjoin the proceedings in a state court criminal case in which he is the defendant. (Doc. No. 91). In response, he has filed a Notice of Appeal indicating he seeks appellate review of my June 21, 2024 Order.[1] (Doc. No. 95). Related to his appeal, Rainey filed a motion to enjoin the state court criminal proceedings purpotedly under Federal Rule of Appellate Procedure 8, (Doc. No. 97), and a motion to proceed on appeal *in forma pauperis*. (Doc. No. 98). Aside from the appellate matter, Rainey has also filed a motion for electronic filing privileges. (Doc. No. 96). I address each of these motions in the order they were filed.

---

[1] In the Notice, Rainey also "request[s] that this court reopen its action entered on 31 day of March, 2023, granting Defendants' Request to Stay this case until the conclusion of Mr. Rainey's state criminal proceeding pursuant to Fed. R. App. P. 4(a)(6)(C) on the grounds that no party would be prejudiced if the Sixth Circuit Court of Appeals reviews this decision." (Doc. No. 95). But Federal Appellate Rule 4(a)(6) requires three conditions be satisfied, and not merely the one found in subsection (c). Because Rainey makes no attempt to show the other two conditions are satisfied, his request to reopen the time to appeal the March 31, 2023 Order must be denied.

First, Rainey's motion for electronic filing privileges. On the matter of *pro se* electronic access and filing, the Northern District of Ohio's Electronic Filing Policies and Procedures Manual provides the following:

> While parties and pro se litigants may register to receive "read only" electronic filing accounts so that they may access documents in the system and receive electronic notice, typically only registered attorneys, as Officers of the Court, will be permitted to file electronically. The Judicial Officer may, at his or her discretion, grant a pro se litigant who demonstrates a willingness and capability to file documents electronically permission to register to do so. Permission to file electronically may be revoked at any time.

Northern District of Ohio Electronic Filing Policies and Procedures Manual (eff. Feb. 10, 2020), available at *https://www.ohnd.uscourts.gov/electronic-filing*. While Rainey is obviously "willing" to file documents electronically, he has provided no evidence that he has the "capaibility" to do so. Because Rainey has not shown he is proficient at using this court's CM/ECF electronic filing system, I deny his motion for electronic filing privileges. (Doc. No. 96).

Second, Rainey's motion to enjoin the state court criminal proceedings under Federal Rule of Appellate Procedure 8. Rule 8(c) provides that a party may move the district court for "an order . . . granting an injunction while an appeal is pending." But for the reasons stated in my June 21, 2024 Order, I conclude this court may not enjoin those state criminal proceedings. (Doc. No. 91). Rainey has set forth no evidence or authority that would alter my conclusion. Therefore, I deny Rainey's motion for an injunction pending appeal. (Doc. No. 97).

And finally, Rainey's motion to proceed *in forma pauperis* on appeal. Under Federal Rule of Appellate Procedure 24(a), a party who did not proceed *in forma pauperis* in the district-court action but desires do so on appeal "must file a motion in the district court [and] attach an affidavit that:

> **(A)** shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> **(B)** claims an entitlement to redress; and

    **(C)** states the issues that the party intends to present on appeal."

Fed. R. App. P. 24(a)(1). Rainey submitted a form satisfactory to show he is unable to pay. But he includes no affidavit showing an entitlement to redress or issues he intends to present in this appeal. Even if I consider his general reference to my June 21, 2024 Order in his motion to sufficiently "state the issues [he] intends to present on appeal," his submission would still fell short as it mentions no claim of entitlement to redress. Because Rainey has failed to show his appeal may be meritorious, his motion to proceed on appeal *in forma pauperis* must be denied. (Doc. No. 98). *See also Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999) ("After this required information has been filed, the district court must ascertain both the individual's pauper status and the merits of the appeal.").

    For the reasons stated above, each of Rainey's motions filed on June 26, 2024, are denied. (Doc. Nos. 96, 97, and 98).


    So Ordered.

                                                       s/ Jeffrey J. Helmick
                                                       United States District Judge