UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Dannie Rainey, | Case No. 3:22-cv-42 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Perkins Township Board of Trustees, *et al.*, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Dannie Rainey has filed a motion for reconsideration of my June 21, 2024 Opinion and Order denying his motion for injunctive relief. (Doc. No. 103; *see* Doc. No. 91). For the reasons that follow, I deny his motion.

Rainey sued Perkins Township, its police department, Perkins Township police officers, prosecutors for the city of Sandusky, prosecutors for Erie County, two Erie County judges, the Erie County sheriff's office, Erie County police officers, Yvette Thompson, and a number of John Does for events arising out of Rainey's arrest and prosecution on a gun possession charge. (*See* Doc. No. 51). A criminal case against Rainey for that gun possession charge is pending in the Erie County, Ohio Court of Common Pleas. *See generally State of Ohio v. Rainey*, 2022 CR 0058 (Erie Cnty. Ct. Com. Pl.). Rainey was previously charged in the Sandusky, Ohio Municipal Court for a similar offense, and that case was dismissed before Rainey filed this lawsuit. *See generally State of Ohio v. Rainey*, CRA2100870 (Sandusky Mun. Ct.).

Rainey filed a motion to enjoin the proceedings in the Erie County criminal case. (Doc. No. 87). I denied that motion on the grounds that *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny barred me from enjoining Rainey's pending state criminal prosecution. (*See* Doc. No. 91 at 2). Including this motion, Rainey has filed three motions seeking an injunction of the Erie County criminal proceedings in a span of 18 days. (*See* Doc. Nos. 87, 97, 103). Rainey has also filed a notice of appeal indicating he seeks review of my June 21, 2024 Memorandum Opinion and Order, the same Opinion and Order he asks me to reconsider now. (*See* Doc. No. 95). Most recently, the Supreme Court of Ohio rejected Rainey's attempt to force the judge presiding over his Erie County case, Judge Roger Binette, to recuse. (*See* Doc. No. 103-8).

## II.     ANALYSIS

"The Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders," though district courts possess the power to consider them. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). Motions to reconsider are "disfavored," and a court should not grant one unless the movant shows there is "an argument or controlling authority that was overlooked or disregarded in the original ruling, presents evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law." *Davie v. Mitchell*, 291 F. Supp. 2d 573, 634 (N.D. Ohio 2003); *see also Rodriguez*, 89 F. App'x at 959. A motion to reconsider "is not designed to give an unhappy litigant an opportunity to relitigate matters already decided; nor is it a substitute for appeal." *Turner v. City of Toledo*, 671 F. Supp. 2d 967, 968 (N.D. Ohio 2009) (citing *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 395 (6th Cir. 2007)) (internal citation omitted).

Rainey makes three arguments. First, he argues *Younger* does not apply to this case at all because the prosecution he seeks to enjoin in the Erie County Court of Common Pleas was initiated after he filed this lawsuit. (Doc. No. 103 at 8-12). But Rainey has made this argument before, and I

2

rejected it in my June 21, 2024 Memorandum Opinion and Order. (*See* Doc. No. 91 at 2-3). While Rainey disagrees with my conclusion on that point, he cites no new controlling authority that would change the outcome and no pre-existing controlling authority I overlooked in my reasoning. (*See* Doc. No. 103 at 8-12). So, I reject Rainey's first argument.

Rainey's two other arguments are new, and motions for reconsideration generally "may not be used to raise issues that could have been raised in the previous motion." *Evanston Ins. Co. v. Cogswell Properties LLC*, 683 F.3d 684, 692 (6th Cir. 2012). Therefore, I deny his motion as to these two remaining arguments. But even if I considered them, these arguments would not entitle Rainey to any relief.

Rainey invokes the "bad faith" exception to the *Younger* doctrine, arguing I should disregard principles of abstention and enjoin the Erie County prosecution because "the State of Ohio" committed due process and speedy trial violations. (Doc. No. 103 at 14-17).

"[T]he Supreme Court has recognized that bad-faith prosecution of an individual may serve as a proper exception to the *Younger* abstention doctrine." *Tindall v. Wayne Cnty. Friend of the Court*, 269 F.3d 533, 539 (6th Cir. 2001) (citation omitted). But the application of the bad faith exception is "exceedingly rare, particularly where a plaintiff seeking to defeat an abstention argument has failed to avail himself first of state appellate processes before seeking relief in federal court." *Id.* At a minimum, the bad faith exception requires Rainey to show state officials have "initiate[d] repeated prosecutions to harass an individual or deter his conduct, and [that] the officials have no intention of following through on these prosecutions." *Ken–N.K., Inc. v. Vernon Twp.*, 18 F. App'x 319, 324–25 n.2 (6th Cir. 2001).

Rainey has not made this showing. First, he has not demonstrated he has been subject to "repeated prosecutions" by Erie County prosecutors. He was previously charged in Sandusky Municipal Court, and he is currently under indictment in the Erie County Court of Common Pleas.

3

*Compare State of Ohio v. Rainey*, Minute Order, No. CRA2100870 (Sandusky Mun. Ct. May 10, 2021)) *with State of Ohio v. Rainey*, Indictment, No. 2022 CR 0058 (Erie Cnty. C.P. February 10, 2022). Rainey acknowledges that two distinct entities—the city of Sandusky, Ohio, and the Erie County Prosecutor's Office—initiated these separate prosecutions. (*See* Doc. No. 51 at 9-10). He does not explain how the existence of two prosecutions in different jurisdictions initiated by different local government entities demonstrates that the Erie County case is a bad faith prosecution. *See Lloyd v. Doherty*, No. 18-3552, 2018 WL 6584288 at *4 (6th Cir. Nov. 27, 2018) (finding the "bad faith" exception did not apply because "there have not been repeated prosecutions" of the plaintiff).

Further, Rainey has not shown the Erie County prosecutors "have no intention of following through" on his prosecution. *Ken–N.K., Inc.*, 18 F. App'x 319, 324–25 n.2. In fact, Rainey pled guilty in the Erie County criminal case, and he is scheduled to be sentenced.[1] And while Rainey notes he has moved to withdraw his guilty plea, this does not indicate Erie County is unserious about pursuing its prosecution of Rainey. Rainey has not offered any evidence that this is the "exceedingly rare" case in which a bad faith prosecution justifies disregarding *Younger*. *Tindall*, 269 F.3d 533, 539.

Finally, Rainey invokes the "special circumstances" or "extraordinary need for relief" exception to the *Younger* doctrine. (Doc. No. 103 at 20). This exception "is reserved for situations where 'the federal court concludes that the state proceedings are inadequate because there is no

---

[1] The judge presiding over Rainey's Erie County prosecution, Judge Roger Binette, has continued Rainey's sentencing twice, explaining the need to wait until Rainey's "Federal Court case" and "Affidavit of Disqualification in the Ohio Supreme Court . . . are resolved regarding the undersigned Judge." *State of Ohio v. Rainey*, No. 22-CR-58, Judgment Entry, (Erie Cnty. Ct. Com. Pl. March 11, 2024); *State of Ohio v. Rainey*, No. 22-CR-58, Judgment Entry, (Erie Cnty. Ct. Com. Pl. May 10, 2024). The Ohio Supreme Court denied Rainey's Affidavit of Disqualification on July 2, 2024. (*See* Doc. No. 103-8 at 1). This Opinion and Order denies Rainey's motion to reconsider my previous opinion and order refusing to enjoin the Erie County prosecution. Nothing in this Opinion and Order should be construed to enjoin or otherwise limit the course of proceedings in Rainey's Erie County criminal case.

4

available state forum for the plaintiff's constitutional claims . . . or the state judicial or administrative officers have a conflict of interest or are biased.'" *Goodwin v. Cnty. of Summit, Ohio*, 45 F. Supp. 3d 692, 704 (N.D. Ohio 2014) (quoting *Cmty. Treatment Ctrs., Inc. v. City of Westland*, 970 F. Supp. 1197, 1225 (E.D. Mich. 1997) (citing *Gerstein v. Pugh*, 420 U.S. 103, 107–08 (1975) and *Gibson v. Berryhill*, 411 U.S. 564, 576–78 (1973)).

Rainey does not argue there is no available state forum for his constitutional claims. (*See* Doc. No. 103 at 20-23).[2] Instead, he appears to argue that Judge Binette, who is overseeing his case in the Erie County Court of Common Pleas, is biased against him or has a conflict of interest because Rainey is suing him in his individual capacity, because Judge Binette previously worked for the Erie County Prosecutor's Office, and because the Civil Division of that office "maintains an attorney-client relationship" with Judge Binette. (Doc. No. 103 at 22).

But these are the same arguments Rainey made before the Supreme Court of Ohio in his petition seeking Judge Binette's recusal. (*See* Doc. No. 103-8 at 4). The Supreme Court of Ohio squarely rejected those arguments. It concluded that Judge Binette's status as a defendant in this lawsuit and his relationship with the Erie County prosecutor's office did not show Judge Binette "has a conflict of interest" or "is biased or prejudiced against Rainey or in favor of the prosecutor's office." (Doc. No. 103 at 9). In light of these findings, Rainey has failed to show "state administrative officials have a conflict of interest or are biased" in his criminal case. *Goodwin*, 45 F. Supp. 3d at 704.

---

[2] Rainey does argue there have been *Brady* violations in the Erie County criminal case. But he does not argue there is no state forum in which he may litigate these issues. (*See* Doc. No. 103 at 21). *See, e.g.*, *Huth v. Hubble*, No. 5:14–cv–1215, 2015 WL 966307 at *6-7 (N.D. Ohio March 4, 2015) (explaining that a state criminal court generally provides an adequate forum to raise constitutional issues related to a criminal case being tried in that court).

Because Rainey has failed to identify controlling authority I overlooked, has not pointed to evidence he could not have submitted before, and has not shown I made a "manifest error of fact or law," he has not met his burden to justify the reconsideration of my June 21, 2024 Memorandum Opinion and Order. *Davie*, 291 F. Supp. 2d at 634.[3]

Finally, this is the third time Rainey has asked me to enjoin the Erie County criminal case in the last three weeks. (*See* Doc Nos. 87, 97, 103). I have denied each motion in a Memorandum Opinion and Order. (*See* Doc. Nos. 91, 101). And Rainey has filed a Notice of Appeal of my June 21, 2024 Memorandum Opinion and Order addressing these issues. (Doc. No. 95). I conclude any further motions from Rainey requesting I enjoin the Erie County criminal case at this time would be a waste of judicial resources. As my colleague United States District Judge James G. Carr has written, "motions of reconsideration . . . [m]ost often . . . only express disagreement with my analysis. The proper venue for that lament is the Court of Appeals. There is a cost to making me listen to songs of that sort." *Younglove Constr., LLC v. PSD Dev., LLC*, 767 F. Supp. 2d 820, 825 (N.D. Ohio 2011).

If Rainey files any additional requests for injunctive relief related to his Erie County criminal case, whether denominated as motions for reconsideration, a stay, injunctive relief, or any other similar language, he will be subject to sanctions, including summary denial of his motion and potential monetary sanctions.

---

[3] In the alternative, Rainey asks me to "grant his request to appeal these issues to the Sixth Circuit," to "issue an emergency injunction lifting all previous orders of the Erie County Common Pleas Court related to" his criminal case and to "enjoin the Erie County Common Pleas Court from taking any further action on" his criminal case pending the outcome of his current appeal. (Doc. No. 103 at 24; *see* Doc. No. 95). The latter two are the same relief he requested in his original motion for an injunction (Doc. No. 87), and I have already explained why I will not grant Rainey's motion to reconsider my Memorandum Opinion and Order rejecting those requests. (*See* Doc. No. 91). The former is functionally a request that I certify certain issues for appeal to the United States Court of Appeals for the Sixth Circuit under Federal Rule of Civil Procedure 54(b). But Rainey has made no attempt to show there is "no just reason for delay" as required by that Rule, so I deny his request. *See* Fed. R. Civ. P. 54(b).

### III. CONCLUSION

For the reasons stated above, I deny Rainey's motion for reconsideration. (Doc. No. 103).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge

7