UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Dannie Rainey,                                              Case No. 3:22-cv-42

                    Plaintiff,

            v.                                             MEMORANDUM OPINION
                                                                AND ORDER

Perkins Township/Perkins Board of
Trustees, *et al.*,

                    Defendants.


## I.    INTRODUCTION

Plaintiff Dannie Rainey, proceeding *pro se*, sued Perkins Township, Ohio, its police

department, individually named Perkins Township police officers, the Law Director for the City of

Sandusky, individually named prosecutors for the City of Sandusky, individually named prosecutors

for Erie County, Ohio, two Erie County judges, the Erie County Sheriff's Office, individually named

Erie County police officers, Yvette Thompson, and several John Does for events arising out of

Rainey's May 6, 2021 arrest and subsequent prosecution on a gun possession charge.  (Doc. No. 51).

All Defendants except Yvette Thompson have moved to dismiss Rainey's claims.[1]  (Doc. Nos. 68,

71, 74, and 76).  Briefing on those motions is now complete, and I will address each motion

individually below.

---

[1]  While Rainey names Thompson as a Defendant, he does not assert any of his 14 causes of action
against her.  Because Rainey has not stated any claim against Thompson, I dismiss her from this
litigation.

## II.    BACKGROUND

Rainey alleges that at approximately 8:45 a.m. on May 6, 2021, Yvette Thompson was visiting Rainey's Perkins Township home when the two began arguing about money and a phone call Rainey received from another woman. (Doc. No. 51 at 8). Thompson left the apartment at Rainey's request, but she allegedly took with her a key to the apartment, leading Rainey to have the locks changed. (*Id.*). Thompson allegedly returned around 6:45 p.m. the same day with her daughter, Sharlia, and "began banging on" Rainey's door. (*Id.*). Rainey asserts he has a vision impairment and was forced to open the door slightly to see who was outside, because he could not see through the door peep hole. (*Id.* at 9). Rainey alleges Thompson and Sharlia forced their way inside while pointing a gun at him and stole $500 before leaving. (*Id.*).

Perkins Township police officers Joe Bauman and Brent Adams subsequently arrived at Rainey's apartment to investigate the reported burglary. While there, they searched the property and located a handgun in a kitchen drawer, which Rainey alleges was the gun Thompson pointed at him during the burglary. (*Id.*). Around the same time, Thompson and Sharlia were apprehended by deputies with the Erie County Sheriff's Office. Rainey alleges Adams, Bauman, Perkins Township police officers Joshua Lanyi, Joseph Rotuno, Timothy Alexander, and Perkins Township Detective McDermott "collaborated" with Thompson and Sharlia to "develop a narrative which placed blame for the possession of Thompson['s] handgun" on Rainey. (*Id.*).

Rainey was arrested and charged with illegal possession of a firearm. (*Id.* at 9-10). He alleges Assistant Erie County Prosecutor Paulette Lilly and City of Sandusky Prosecutor Brendan Heil "relied solely on the uncorroborated statements of . . . Thompson and Sharlia[] as a basis to file charges against [him]." (*Id.* at 10). Those charges allegedly were dismissed in August 2021. (*Id.*). Rainey then filed suit in this Court in January 2022, alleging violations of his constitutional rights. (Doc. No. 1).

2

On February 10, 2022, Rainey was indicted by an Erie County grand jury on one count of possessing a weapon while under a disability, in violation of Ohio Revised Code § 2923.13.  *State of Ohio v. Rainey*, Erie County C. P. No. 2022 CR 0058.  He subsequently pled guilty to attempting to possess a weapon while under a disability, in violation of Ohio Revised Code §§ 2923.02(A) and 2923.13(A)(3)/(B), and he was sentenced to a term of two years on community control.  *See id.*, journal entry dated July 12, 2024.

Rainey asserts the following claims against the identified Defendants based upon their alleged misconduct:

- **Count One** – 42 U.S.C. § 1983,[2] violation of Fourth and Fifth Amendment rights; Adams and Bauman, for searching Rainey's apartment without consent or probable cause.

- **Count Two** – § 1983, violation of Sixth Amendment rights; Adams and Bauman, for continuing to question Rainey after he invoked his right to counsel.

- **Count Three** – Malicious prosecution; Erie County Prosecutor's Office, Lilly, and Heil, for charging him with illegal possession of a weapon in May 2021 without probable cause.

- **Count Four** – Abuse of process; Erie County Prosecutor's Office, Lilly, and Heil, for failing to properly investigate the alleged armed robbery and the circumstances leading up to the discovery of the firearm.

- **Count Five** – §1983, false arrest; Adams, McDermott, Lanyi, Alexander, and Rotuno, for "collaborat[ing]" with Thompson and Sharlia to implicate Rainey in the possession of the handgun found in his kitchen drawer.

- **Count Six** – § 1983, false imprisonment; Erie County Prosecutor's Office, Perkins Township, and City of Sandusky Law Director, for holding him in jail after he was arrested without probable case.

- **Count Seven** – invasion of privacy, intentional infliction of emotional distress, negligent infliction of emotional distress; Erie County Prosecutor's Office, Perkins Township, and

---

[2]  Section 1983 permits a plaintiff to sue a person acting under the color of state law who deprived the plaintiff of an identified constitutional right.  42 U.S.C. § 1983.  *See also Novak v. Federspiel*, 140 F.4th 815, 820 (6th Cir. 2025) (citing *Susselman v. Washtenaw Cnty. Sheriff's Off.*, 109 F.4th 864, 870 (6th Cir. 2024)).

City of Sandusky Law Director, for "collaborat[ing] with" Thompson and Sharlia to file charges against Rainey.

- **Count Eight** – battery; Adams, McDermott, and Lanyi, for arresting Rainey without probable cause.

- **Count Nine** – "violation of victim's rights"; Erie County Prosecutor's Office, Perkins Township, and City of Sandusky Law Director, for failing to charge Thompson and Sharlia with armed burglary and for failing to treat Rainey with "courtesy, compassion[,] or respect."

- **Count Ten** – § 1983, "discrimination" based upon race and socio-economic status; Erie County Prosecutor's Office, Perkins Township, and City of Sandusky Law Director, for charging Rainey without probable cause "[b]ecause of [his] race and socio-economic status."

- **Count Eleven** – § 1983, vindictive prosecution; Erie County Prosecutor's Office, Lilly, and Assistant Erie County Prosecutor Kevin Baxter, for pursuing Rainey's indictment after he filed suit.

- **Count Twelve** – § 1983, violation of Eighth Amendment rights; Erie County Common Pleas Judge Roger Binette and Beverly McGookey[3] for denying bail to Rainey and "John Doe Plaintiff.

- **Count Thirteen** – § 1983, abuse of process; Judge Binette, Judge McGookey, Erie County Prosecutor's Office, and Perkins Township, for "use of the legal system . . . for a purpose it was not designed [for]" in prosecuting Rainey and denying bail to Rainey and John Doe Plaintiff.

- **Count Fourteen** – § 1983,[4] violation of the Americans with Disabilities Act ("ADA"); Erie County Sheriff and John Doe Deputy Sheriff, for failing to provide Rainey with "access to showers, telephone communication, entertainment, food, and recreational services as individuals without a blindness disability."

(Doc. No. 51 at 11-21).

---

[3] The only allegations involving Judge McGookey assert she violated the Eighth Amendment rights of "John Doe Plaintiff" by denying John Doe bond without a hearing. (Doc. No. 51 at 20).

[4] While Rainey asserts he brings his ADA claim pursuant to § 1983, the ADA permits a plaintiff to bring a private cause of action and, therefore, Count Fourteen asserts only a right to relief under the ADA.

### III.  STANDARD

Motions for judgment on the pleadings filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure are subject to the same standard as a Rule 12(b)(6) motion to dismiss. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007).

To survive a Rule 12(b)(6) and, in turn, a Rule 12(c) motion, the pleadings must demonstrate sufficient factual matter that, when taken as true, states a claim which is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).   A court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).   Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 555.   To succeed on a motion for judgment on the pleadings, the moving party must show there is no material issue of fact and that the movant is entitled to judgment as a matter of law. *Paskavan v. City of Cleveland Civil Serv. Comm'n,* 946 F.2d 1233, 1235 (6th Cir. 1991).

Courts must read Rule 12(b)(6) in conjunction with Rule 8(a)(2)'s requirement that a plaintiff need offer "only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'  Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555); *see also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295-96 (6th Cir. 2008).   The court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case[,] and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

While pleadings submitted by *pro se* plaintiffs are "held to a less stringent pleading standard" than pleadings filed by an attorney, a *pro se* plaintiff still must plead sufficient "surrounding facts" to

support a legal conclusion pled in the complaint. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## IV.    ANALYSIS

### A.    JUDGES BINETTE AND MCGOOKEY

Judges Binette and McGookey collectively filed a motion to dismiss for failure to state a claim. (Doc. No. 68).  Rainey filed an opposition brief to this motion, (Doc. No. 79), and Judges Binette and McGookey filed a reply.  (Doc. No. 94).  For the reasons stated below, I grant this motion to dismiss and dismiss all claims against Judges Binette and McGookey with prejudice.

#### 1.    Judge McGookey

Judge McGookey argues all claims against her must be dismissed because Rainey, as a *pro se* litigant, cannot plead claims on behalf of another individual.  (Doc. No. 68-1 at 10).  Rainey did not respond to this argument.  (*See* Doc. No. 79 at 18-19).

A plaintiff "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."  *Warth v. Seldin,* 422 U.S. 490, 499 (1975) (reasserting the principle that a plaintiff must personally have suffered an actual or threatened injury from the defendant's allegedly illegal action). "'[B]ecause *pro se* means to appear for one's self a person may not appear on another person's behalf in the other's cause.'"  *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)).

Thus, Rainey may not bring a claim on behalf of another individual, much less one he cannot identify.  Therefore, I dismiss Counts Twelve and Thirteen against Judge McGookey.

#### 2.    Judge Binette

Judge Binette argues I must dismiss Rainey's claims against him because: (1) those claims are barred by the *Rooker-Feldman* doctrine; (2) he is entitled to judicial immunity; and (3) Rainey failed to

state a plausible claim for relief.  Because I conclude Judge Binette is entitled to immunity, I do not reach his other arguments.

Judges generally are immune from a lawsuit seeking monetary damages.  *See Mireles v. Waco*, 502 U.S. 9, 9 (1991) (citing cases).  There are two instances when judicial immunity does not apply: (1) when a judge takes actions outside of the judge's judicial capacity, and (2) when a judge takes judicial actions "in the complete absence of all jurisdiction."  *Id.* at 11-12.

Neither of these exceptions apply here.  In Counts Twelve and Thirteen, Rainey alleges Judge Binette violated his rights by denying Rainey release on bail.  (Doc. No. 51 at 19-20). Moreover, Rainey also alleged Judge Binette was "acting within the course and scope of [his] employment as [an] Erie County Common Pleas Judge[] when denying bail."  (*Id.* at 19).

Rainey argues Judge Binette's denial of bail "exceeds the judicial authority vested in judicial officers . . . [and] unilaterally enlarges the inherent jurisdiction vested in the judicial office."  (Doc. No. 79 at 13).  Even if I assume for the sake of argument that Rainey's claim is correct, the Supreme Court expressly has held that judicial immunity still applies to an action "'normally performed by a judge'" even if the action was taken "'in excess of [judicial] authority.'"  *Mireles*, 502 U.S. at 12-13 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356, 362 (1978)).

Judge Binette's denial of bail "falls squarely in the realm of his judicial duties and is not subject to either exception for judicial immunity."  *Moore v. Delling*, No. 08-12508, 2008 WL 4534194, at *4 (E.D. Mich. Oct. 3, 2008).  Therefore, I grant his motion and dismiss Counts Twelve and Thirteen against Judge Binette as well.

## B.    THE ERIE COUNTY DEFENDANTS

Defendants the Erie County Prosecutor's Office, Erie County Prosecuting Attorney Kevin Baxter, Assistant Prosecutors Paulette Lilly and Matthew Kishman (the "County Prosecutors"), move to dismiss all claims asserted against them – Counts Three, Four, Six, Seven, Nine, Ten,

Eleven, and Thirteen. (Doc. No. 74). Erie County Sheriff Paul Sigsworth moves to dismiss Rainey's

ADA claim pled in Count Fourteen. (*Id.*). Rainey filed a brief in opposition, (Doc. No. 78), and the

Erie County Defendants filed a brief in reply. (Doc. No. 107). For the reasons stated below, I grant

the motion and dismiss all claims against the Erie County Defendants with prejudice.

      **1.      The Erie County Prosecutor's Office**

      The Erie County Defendants first argue Rainey's claims against the Erie County Prosecutor's

Office must be dismissed because the Prosecutor's Office lacks the capacity to sue or be sued.

(Doc. No. 74 at 11). I agree.

      It is well established that an Ohio county prosecutor's office "is not a 'person' within the

meaning of § 1983 or a legal entity capable of being sued." *Jones v. Hamilton Cnty. Mun. Crim. Ct.*, No.

1:24-CV-657, 2024 WL 5054883, at *3 (S.D. Ohio Dec. 10, 2024), *report and recommendation adopted,*

2025 WL 1141850 (S.D. Ohio Apr. 16, 2025) (citing cases). *See also Rose v. Cuyahoga Cnty. Prosecutor's*

*Off. – State of Ohio*, No. 1:19CV314, 2019 WL 2451642, at *1 (N.D. Ohio June 12, 2019), *Simmons v.*

*Sigler*, No. 2:19-cv-4108, 2020 WL 2557051, at *3 (S.D. Ohio May 20, 2020), and *Howard v. Supreme*

*Ct. of Ohio*, 2005-Ohio-2130, 2005 WL 1022911, at *2 (Ohio Ct. App. May 3, 2005).

      As the Erie County Defendants note, Rainey did not respond to this argument. Instead, he

seemingly sought to recast his claims against the Erie County Prosecutor's Office as claims against

Erie County itself. (Doc. No. 78 at 4-8). But this does not help Rainey. A plaintiff "cannot amend

the[] Complaint through briefing." *Taylor v. Streicher*, 465 F. App'x 414, 423 n.4 (6th Cir. 2012). *See*

*also Davis v. Echo Valley Condo. Ass'n*, 945 F.3d 483, 496 (6th Cir. 2019), and *Howard v. Tenn.*, 740 F.

App'x 837, 843 (6th Cir. 2018). Rainey did not request leave to amend his complaint, and he may

not amend it through his opposition brief.

      Moreover, even if Rainey had properly amended his complaint, his claim still would fail

because unchartered counties like Erie County also lack the capacity to sue or be sued. *See Estate of*

*Fleenor v. Ottawa Cnty.*, 208 N.E.3d 783, 786-87 (Ohio 2022).  *See also Jessee v. Erie Cnty. Auditor*, Case No. 3:21-cv-1399, 2023 WL 6290627 (N.D. Ohio Sept. 27, 2023), and *Erie Cnty. Dep't of Jobs & Fam. Servs. v. Ray*, 2025-Ohio-2327, 2025 WL 1808882 (Ohio Ct. App. July 1, 2025).

I grant the Erie County Defendants' motion to dismiss all claims against the Erie County Prosecutor's Office.

### 2.    Statute of Limitations

The Erie County Defendants next argue that all claims against Baxter, Lilly, and Kishman must be dismissed because they are time barred.  They contend Rainey's claims against the Erie County prosecutors arose as early as May 7, 2021, when Rainey first was charged with illegally possessing a firearm, and no later than February 10, 2022, when Rainey was indicted by an Erie County grand jury.  (Doc. No. 74 at 11-13).  The Erie County Defendants argue that Rainey was required to bring his claims against Baxter, Lilly, and Kishman no later than February 10, 2024, but he did not do so until March 1, 2024, when he filed his amended complaint naming those individuals as Defendants.  (*See* Doc. No. 51).

Section 1983 claims brought in the state of Ohio are subject to a two-year statute of limitations period.  *See, e.g., Browning v. Pendleton*, 869 F.2d 989, 990 (6th Cir. 1989); *Potts v. Trooper Hill*, 17 F. App'x 302, 305 (6th Cir. 2001).  Tort claims asserted against an employee of an Ohio political subdivision likewise must be filed no later than two years after the cause of action arose.  *See, e.g., Read v. Fairview Park*, 764 N.E.2d 1079, 1082 (Ohio Ct. App. 2001) (citing Ohio Rev. Code § 2744.04(A)).

Rainey argues his claims are not time-barred because they arose from "newly discovered evidence" and relate back to his original filing.  (Doc. No. 78 at 8-10).  He also contends the claims are timely because this case was temporarily stayed and because he filed his amended complaint within the amendment deadline.  (*Id.* at 10).  The "newly discovered evidence" Rainey cites appears

to refer to his discovery that Lilly was not "A.P. Lilly," a City of Sandusky attorney, as he pled in his original complaint.  (Doc. No. 1 at 8).  Rainey does not indicate when he "discovered" this information, but he appears to concede his claims against Lilly arose no later than August 2021.  (*See* Doc. No. 51 at 10).

I conclude Rainey's claims are not barred by the applicable statutes of limitation.  As Rainey notes, this case was stayed pursuant to my March 31, 2023 Order, until October 12, 2023, when I lifted the stay and ordered Rainey to file a proposed schedule for resuming the litigation.  (*See* Doc. Nos. 33 and 39).  In my March 31 order, I denied without prejudice then-pending motions for judgment on the pleadings and to amend the complaint and stated I would "consult with the parties about the next steps in the litigation" once the stay was lifted.  (Doc. No. 33 at 3).  Rainey's proposed amended complaint, filed on October 12, 2022, asserted claims against Baxter, Lilly (properly identified), and Kishman.  (Doc. No. 27-1).

The doctrine of equitable tolling generally applies "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000).  The Sixth Circuit "'has Identified five factors to consider when determining the appropriateness of equitably tolling a statute of limitations:

> 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.'"

*Id.* at 561 (quoting *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)).

Rainey filed a timely motion to amend his complaint, which I denied without prejudice before entering a judicial stay which included and extended beyond August 2023, two years after his claim against Lilly arose.  (*See* Doc. Nos. 24 and 33).  In circumstances like these, a court's "judicial stay of the action tilts heavily, if not conclusively, in favor of equitable tolling."  *Biggs v. Quicken*

*Loans, Inc.*, No. 10-cv-11928, 2014 WL 12661985, at *4 (E.D. Mich. Feb. 19, 2014). I conclude the limitations deadline was tolled during the approximately seven-month period in which this case was stayed.

Moreover, Rainey then complied with the deadline I set for filing a proposed case plan. (Doc. No. 41). And, in that proposed plan, Rainey sought leave to file an amended complaint by April 5, 2024.[5] (*Id.* at 2). Federal courts have overwhelmingly "held that a claim set forth in an amended pleading is timely under the applicable statute of limitations, if the motion for leave to amend was filed before the statute of limitations had run." *United States v. Katz*, 494 F. Supp. 2d 641, 644 (S.D. Ohio 2006) (citing cases). Even if Rainey had filed his amended complaint outside of the equitably tolled statute of limitations, he filed his motion for leave before the deadline ran. Therefore, his claims against Baxter, Lilly, and Kishman are not untimely.

### 3. Immunity

The Erie County Defendants next argue Rainey's claims against Baxter, Lilly, and Kishman must be dismissed because those Defendants are entitled to prosecutorial immunity under federal and Ohio law. (Doc. No. 74 at 15-17). I agree.

"[P]rosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' . . . insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). Ohio law also grants prosecutors absolute immunity "when initiating a prosecution and presenting the state's case." *Carmichael v. City of Cleveland*, 571 F. App'x 426, 437 (6th Cir. 2014) (citing *Willitzer v. McCloud*, 453 N.E.2d 693, 695 (Ohio 1983), and *Imbler*, 424 U.S. at 430).

---

[5] The statute of limitations began to run again on October 12, 2023. Rainey's proposed amended deadline of April 5, 2024 was within the equitably-tolled deadline, which ran on May 12, 2024.

Rainey alleges Lilly failed to properly investigate the alleged burglary of his apartment because she did not speak with him prior to deciding to charge Rainey with the illegal possession of the handgun.  (Doc. No. 51 at 13).  He also asserts Baxter, Lilly, and Kishman pursued Rainey's indictment and prosecution "for a vindictive purpose" after Rainey filed this lawsuit.  (*Id.* at 19).

But, as the Erie County Defendants point out, this conduct "fall[s] squarely within the functions for which absolute [prosecutorial] immunity applies."  (Doc. No. 107 at 7).  The Supreme Court recognized:

> A prosecuting attorney is required constantly, in the course of his duty as such, to make decisions on a wide variety of sensitive issues.  These include questions of whether to present a case to a grand jury, whether to file an information, whether and when to prosecute, whether to dismiss an indictment against particular defendants, which witnesses to call, and what other evidence to present. Preparation, both for the initiation of the criminal process and for a trial, may require the obtaining, reviewing, and evaluating of evidence.

*Imbler*, 424 U.S. at 431 n. 33.  *See also Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003) ("[A]bsolute immunity is appropriate for claims based on the prosecutor's appearance . . . before a grand jury.") (citing *Burns v. Reed*, 500 U.S. 478, 487 n.6 (1991)).

I conclude the Erie County Defendants have met their burden to show Baxter, Lilly, and Kishman are entitled to absolute immunity for their actions while initiating and pursuing Rainey's prosecution.  Therefore, I grant their motion to dismiss all claims against those three Defendants.[6]

### 4.    The Erie County Sheriff

In Count Fourteen, Rainey alleges Erie County Sheriff Sigsworth violated the ADA by failing "to provide Mr. [Rainey the same] access to showers, telephone communication,

---

[6] Rainey's § 1983 claim for abuse of process in Count Thirteen also must be dismissed because the Sixth Circuit has never recognized a federal abuse of process claim.  *Rapp v. Dutcher*, 557 F. App'x 444, 448 (6th Cir. 2014) (citing *Voyticky v. Vill. of Timberlake, Ohio,* 412 F.3d 669, 676 (6th Cir. 2005), and *Garcia v. Thorne,* 520 F. App'x 304, 311 (6th Cir. 2013)).

entertainment, food, and recreational services as individuals without a blindness disability."  (Doc. No. 51 at 21).

Under Title II of the ADA, a disabled individual who otherwise is qualified may not be excluded from participating in, denied the benefits of, or subjected to discrimination under, a public program, because of the individual's disability.  42 U.S.C. § 12132.  The Sixth Circuit has recognized "two types of claims under Title II of the ADA: (1) failure-to-accommodate claims and (2) intentional-discrimination claims."  *Keller v. Chippewa Cnty., Mich. Bd. of Comm'rs*, 860 F. App'x 381, 385 (6th Cir. 2021) (citing *Roell v. Hamilton Cnty.*, 870 F.3d 471, 488 (6th Cir. 2017), and *Ability Ctr. of Greater Toledo v. City of Sandusky*, 385 F.3d 901, 907 (6th Cir. 2004)).

Rainey seeks to bring both types of Title II claims.  (*See* Doc. No. 78 at 17-19).  But Sigsworth is entitled to dismissal of both claims because Rainey failed to plead a plausible claim for relief.

"To state a claim under Title II of the ADA, a plaintiff must allege, among other things, a [causal] relationship between his disability and Defendants' alleged discriminatory conduct."  *Parker by Parker v. City of Highland Park*, 437 F. Supp. 3d 609, 620 (E.D. Mich. 2020) (citation and internal quotation marks omitted) (dismissing plaintiff's ADA claim were plaintiff pled "only that the Defendant officers were *aware* of his condition, not that his condition motivated the officers' conduct towards him").

Rainey alleges he has a disability, that Sigsworth was aware of his disability, and that he was excluded from services.  (*See* Doc. No. 51 at 21).  But he does not allege that his exclusion from services was "because of" his disability.  42 U.S.C. § 12132.  His allegation that Sigsworth's "denial of services . . . violates the [ADA]," (Doc. No. 51 at 21), is only a legal conclusion that is not entitled to a presumption of truth.  *See Twombly*, 550 U.S. at 555.

In his opposition brief, Rainey asserts Sigsworth denied him access to his prescription eye medication and denied Rainey's repeated requests for accommodations and argues that these repeated denials lead "to the reasonable conclusion that the denials were intentional." (Doc. No. 78 at 18). But, as before, Rainey cannot amend his complaint through his opposition brief. *See, e.g., Taylor*, 465 F. App'x at 423 n.4. These allegations cannot save his ADA claims because they are not found anywhere in the amended complaint.

And even if they were, Rainey's claim still would fail. His assertion that it is reasonable to infer the repeated "denials were intentional" does not provide a basis for the necessary interference that his vision disability was the reason for the repeated denials. *See Assi v. Hanshaw*, 625 F. Supp. 3d 722, 734 (S.D. Ohio 2022) (citing *Keller*, 860 F. App'x at 385-86) (further citation and quotation marks omitted). Therefore, I grant the Erie County Defendants' motion to dismiss Count Fourteen as well.

## C.  THE CITY OF SANDUSKY DEFENDANTS

Defendants Brendan Heil and the Law Director of the City of Sandusky move for judgment on the pleadings on Counts Three, Four, Six, Seven, Nine, and Ten. (Doc. No. 71). Rainey filed a brief in opposition, (Doc. No. 81), and the City of Sandusky Defendants filed a brief in reply. (Doc. No. 92). For the reasons stated in this section, I grant the motion for judgment on the pleadings as to each of the challenged claims.

### 1.  Sandusky Prosecutor Brendan Heil

Rainey asserts the following claims against Heil: Count Three – malicious prosecution; Count Four – abuse of process; Count Six – false imprisonment; Count Seven – invasion of privacy, intentional infliction of emotional distress, and negligent infliction of emotional distress; Count Nine – violation of victims' rights; and Count Ten - § 1983 discrimination.

14

After the parties completed briefing on the motions for judgment on the pleadings, Rainey entered a plea of guilty to an amended charge of attempted possession of a weapon while under a disability and was sentenced to two years of community control.[7]  *See State of Ohio v. Rainey*, Erie County C. P. No. 2022 CR 0058, journal entry dated July 12, 2024.  It is well settled that a malicious prosecution claim includes the required element that "the criminal proceeding must have been resolved in the plaintiff's favor."  *Sykes v. Anderson*, 625 F.3d 294, 309 (6th Cir. 2010) (citing *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)).  Rainey's guilty plea unequivocally establishes his state court criminal case was not resolved in his favor.  Therefore, I dismiss Count Three.

Additionally, I dismiss: Count Four, in which Rainey alleges Heil lacked probable cause to file charges against him; Count Six, in which Rainey alleges he was falsely imprisoned after he was arrested without probable cause; Count Seven, in which Rainey alleges the Defendants are liable for intentional or negligent infliction of emotional distress for prosecuting him without probable cause. (Doc. No. 51 at 14-15 and 16-17).  As I noted above, a prosecutor is entitled to absolute immunity for the performance of the prosecutor's customary advocacy duties, including "whether and when to prosecute."  *Imbler*, 424 U.S. at 431 n. 33.

Therefore, I conclude Heil is entitled to absolute immunity for his decision to pursue criminal charges against Rainey.  *See also Nouri v. Cnty. of Oakland*, 615 F. App'x 291, 301 (6th Cir. 2015) (affirming dismissal of plaintiff's § 1983 claim for false imprisonment against prosecutor defendant based upon doctrine of absolute prosecutorial immunity); *Lower v. City of Columbus*, No. 2:16-CV-0394, 2016 WL 7230853, at *4 (S.D. Ohio Dec. 14, 2016) (dismissing intentional infliction

---

[7]  I may take "judicial notice of these historical facts because Plaintiff's state criminal convictions are matters of public court records."  *Terry v. Garnett*, Case No. 3:21-CV-174, 2022 WL 1227309, *1 (S.D. Ohio April 26, 2022).  *See also Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) ("'Federal courts may take judicial notice of proceedings in other courts of record.'") (quoting *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)); *Sevier v. Gregory*, Civil No. 10-314-GFVT, 2011 WL 4900012, *1 (E.D. Ky. Oct. 13, 2011) (taking judicial notice of proceedings in a state criminal court matter).

of emotional distress claim arising out of prosecutor's actions in initiating and pursuing defendant's prosecution as barred by absolute immunity); *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (noting prosecutorial immunity bars claims for malicious prosecution and abuse of process); and *McClellan v. Franklin Cnty. Bd. of Comm'rs*, 2009-Ohio-3955, 2009 WL 2438059 (Ohio Ct. App. Aug. 11, 2009) (affirming trial court's entry of summary judgment on negligent and intentional infliction of emotional distress claims against prosecutor based upon absolute immunity).[8]

In Count Nine, Rainey asserts a claim for the violation of victim's rights pursuant to Article I, § 10a of the Ohio Constitution.  (Doc. No. 51 at 17-18).  But, as the City of Sandusky Defendants point out, this constitutional provision "does not create any cause of action for damages or compensation against the state, any political subdivision of the state, any officer, employee, or agent of the state or of any political subdivision, or any officer of the court."  Ohio Const., art. I, § 10a(C).[9]  Therefore, I dismiss Count Nine.

Finally, I dismiss Count Ten, in which Rainey asserts a § 1983 claim for discrimination, arguing he was charged without probable cause "[b]ecause of his race and socio-economic status." (Doc. No. 51 at 18).  But Rainey failed to "allege, with particularity, facts that demonstrate what [Heil] did to violate" his rights.  *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)) (emphasis in original).  Moreover, "'it is an absolute requirement that the plaintiff make at least a *prima facie* showing that similarly situated persons outside [his] category were not prosecuted.'"  *Gardenhire v. Schubert*, 205 F.3d 303,

---

[8]  I also conclude Count Six and Seven must be dismissed because Rainey's allegations are exceptionally vague and conclusory.  He does not specifically name Heil in those counts at all, and his generalized list of every group of Defendants in this case does not satisfy his burden to "allege, with particularity, facts that demonstrate what *each* defendant did to violate" his rights. *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (emphasis in original) (citation omitted).

[9]  It is unclear whether Ohio courts would conclude that a plaintiff could seek injunctive relief under this provision.  But Rainey does not seek injunctive relief in his amended complaint and, therefore, I need not consider this question.

319 (6th Cir. 2000) (quoting *Stemler v. City of Florence*, 126 F.3d 856, 873 (6th Cir. 1997)).  Rainey has

not identified anyone outside of his protected class – that is, someone of a different race than he is –

whom Heil declined to prosecute in similar circumstances.  Therefore, he failed to state a plausible

claim for relief.[10]

### 2.     The City of Sandusky

Rainey alleges the "Law Director for the City of Sandusky is . . . liable . . . for the injuries he

sustained under the theory of 'respondeat superior' in connection with the conduct [of] its

employees." (Doc. No. 51 at 6).  But "a municipality cannot be held liable under § 1983 on a

*respondeat superior* theory."  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).

And Rainey's attempt to amend his complaint through his opposition brief to allege the City of

Sandusky maintained unconstitutional policies and customs, (Doc. No. 81 at 3-4), is forbidden.[11]

*See, e.g., Taylor*, 465 F. App'x at 423 n.4.  Thus, he has not stated a plausible § 1983 claim against the

City of Sandusky or the Law Director.

Moreover, Ohio political subdivisions are immune from liability for intentional tort claims.

*See generally Wilson v. Stark Cnty. Dep't of Human Servs.*, 639 N.E.2d 105 (Ohio 1994).  Therefore,

Rainey cannot obtain relief on his claims for malicious prosecution, abuse of process, false

imprisonment, or intentional infliction of emotional distress.

Finally, to the extent Rainey's complaint might be read to assert a negligent infliction of

emotional distress claim against the Law Director of the City of Sandusky, Ohio law limits such

---

[10]  While Rainey repeatedly complains Thompson and her daughter were not prosecuted, the record in this case shows all three of these individuals are Black, (Doc. No. 54-7 at 1), and Rainey does not allege or argue that they are of a different race.

[11]  Even if I were to consider Rainey's new allegations, his claim still would fail.  His vague and conclusory allegations that the Law Director failed to train City of Sandusky attorneys because there were no "rules governing probable cause requirements, abuse of process, civil conspiracy, and [maintained] customs of tolerance or acquiescence of federal rights violations" do not state a plausible claim for relief.  (Doc. No. 81 at 4).

claims "to instances where the plaintiff has either witnessed or experienced a dangerous accident or appreciated the actual physical peril." *Heiner v. Moretuzzo*, 652 N.E.2d 664, 669 (Ohio 1995). Rainey does not allege facts showing either of those required conditions is true. Therefore, I dismiss this claim as well.

### 3. Summary

I conclude the City of Sandusky Defendants are entitled to judgment on the pleadings as to Counts Three, Four, Six, Seven, Nine, and Ten. I grant their motion for judgment in their favor. (Doc. No. 71).

## D. THE PERKINS TOWNSHIP DEFENDANTS

Defendants Perkins Township/Perkins Board of Trustees, the Perkins Township Police Department, Bauman, Adams, Lanyi, Rotuno, McDermott, and Alexander move for judgment on the pleadings on Counts One, Two, Five, Six, Seven, Eight, Nine, Ten and Thirteen. (Doc. No. 76). Rainey opposed the motion, (Doc. No. 80), and the Perkins Township Defendants filed a brief in reply. (Doc. No. 99).

### 1. Counts One and Two

In Count One, Rainey alleges Adams and Bauman violated his Fourth and Fifth Amendment rights when they searched his home without probable cause and without obtaining his valid consent to search. He alleges these Defendants "coerced, deceived, and misrepresented the nature and the reason for the search of" his apartment in obtaining his consent to search and failed to provide him with *Miranda* warnings prior to the search. (Doc. No. 51 at 11). In Count Two, Rainey alleges Adams and Bauman violated his Sixth Amendment right to counsel when they allegedly asked him questions after Rainey asked to speak to an attorney.

Rainey cannot state a claim under § 1983 based upon the Fifth or Sixth Amendments arising out of Adams and Bauman's alleged failure to read him his *Miranda* warnings. A *Miranda* violation

"does not necessarily constitute a violation of the Constitution, and therefore such a violation does not constitute 'the deprivation of [a] right . . . secured by the Constitution.'" *Vega v. Tekoh*, 597 U.S. 134, 150 (2022) (quoting 42 U.S.C. § 1983) (alteration by *Vega*).  Therefore, there is not a § 1983 cause of action for damages based upon a *Miranda* violation.  *Vega*, 597 U.S. at 151-52.

Further, it is well established that a criminal defendant does not have the right to have counsel present during an interrogation until "after the first formal charging proceeding." *Moran v. Burbine*, 475 U.S. 412, 428 (1986).  *See also State v. Tench*, 123 N.E.3d 955, 981 (Ohio 2018) ("The Sixth Amendment right to counsel is offense specific, and it does not attach until the initiation of adversarial judicial criminal proceedings – a formal charge, a preliminary hearing, an indictment or information, or an arraignment – with respect to a particular offense.") (citing *McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991)).  Thus, Adams and Bauman did not violate Rainey's Sixth Amendment rights when they allegedly continued to question him after he requested counsel.[12]

Therefore, I grant the Perkins Township Defendants' motion for judgment on the pleadings as to Count Two and the portion of Count One alleging a *Miranda* violation because federal law conclusively establishes that there is no such cause of action.

I also grant the Perkins Township Defendants' motion as to the portion of Count One alleging a violation of Rainey's Fourth Amendment rights.  Section 1983 claims challenging an allegedly unreasonable search are not necessarily barred by a plaintiff's criminal conviction.  *See, e.g., Heck*, 512 U.S. at 487 n.7.  But the Supreme Court has held a § 1983 plaintiff must prove both that a search was unlawful and that "it caused him actual, compensable injury, . . . which . . . does *not* encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned.)" *Id.* (emphasis in original).

---

[12]  Rainey alleges Adams and Bauman continued to question him about the firearm in the kitchen drawer after Rainey stated he wanted to speak to an attorney, but Rainey does not indicate whether he responded to any of those subsequent questions.  (Doc. No. 51 at 12-13).

Rainey asserts Adams and Bauman's alleged violation of his Fourth Amendment rights led to the collection of "evidence that the Perkins Police and Sandusky City Prosecutors would later use as the basis for charging Mr. Rainey." (Doc. No. 51 at 12). The Perkins Township Defendants are entitled to judgment on the pleadings as to this part of Count One because Rainey does not allege he suffered any injury other than his conviction.

### 2.      Counts Five and Six

In these counts, Rainey brings claims under § 1983 for false arrest and false imprisonment, arguing there was not probable cause to arrest or incarcerate him. But both claims fail, because it is well established that a guilty plea and subsequent conviction bars a § 1983 plaintiff from later "asserting in federal court that the defendant police officers acted without probable cause." *Walker v. Schaeffer*, 854 F.2d 138, 142 (6th Cir. 1988). I have taken judicial notice of Rainey's state court conviction and conclude it bars his claims in Counts Five and Six.

Moreover, to the extent Rainey attempts to differentiate between his May 6, 2021 arrest and incarceration and his arrest and incarceration following his February 2022 indictment, (*see* Doc. No. 80 at 8), Rainey does not allege his February 2022 indictment was based upon different facts than his May 6, 2021 arrest. Therefore, I dismiss both claims.

### 3.      Counts Seven, Eight, and Nine

In Counts Seven and Eight, Rainey asserts claims for intentional/negligent infliction of emotional distress[13] and battery arising out of his May 2021 arrest and subsequent prosecution. (Doc. No. 51 at 16-17). Both claims fail.

---

[13]   While Rainey refers to the tort of invasion of privacy in the caption of Count Seven, he does not make any further reference to it in the amended complaint, nor does he make reference to an invasion of privacy claim in his opposition brief, despite arguments from the Perkins Township Defendants seeking dismissal of any purportedly pled invasion of privacy claim.

A plaintiff asserting a claim for intentional infliction of emotional distress must plead facts which, taken as true, show:

> (1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff;
>
> (2) that the actor's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community, . . .;
>
> (3) that the actor's actions were the proximate cause of plaintiff's psychic injury; and
>
> (4) that the mental anguish suffered by plaintiff is serious and of a nature that no reasonable man could be expected to endure it.

*Pyle v. Pyle*, 463 N.E.2d 98, 103 (Ohio Ct. App. 1983) (citations and internal quotation marks omitted).

An individual's arrest, supported by probable cause, does "not go beyond all possible bounds of decency, nor [is] it utterly intolerable in a civilized community." *Piro v. Franklin Twp.*, 656 N.E.2d 1035, 1043 (Ohio Ct. App. 1995) (internal quotation marks omitted). *See also Voyticky*, 412 F.3d at 678; *Blevins v. Bureau of Workers' Comp.*, 2002-Ohio-3230, 2002 WL 31985891, at *3 (Ohio Ct. Cl. May 9, 2002). As I concluded above, Rainey's guilty plea and conviction conclusively establishes probable cause for his arrest. Therefore, I conclude he fails to state a plausible claim for intentional infliction of emotional distress.

Rainey's negligent infliction of emotional distress claim fails as well. As I stated above, Ohio law limits such claims "to instances where the plaintiff has either witnessed or experienced a dangerous accident or appreciated the actual physical peril," *Heiner*, 652 N.E.2d at 669, and Rainey's allegations do not show either of those required conditions is true.

The Perkins Township Defendants also are entitled to judgment on the pleadings on Rainey's battery claim. A defendant may be held liable for battery if the defendant acts with the intention to cause a harmful or offensive contact with another person and a harmful or offensive

21

conduct directly or indirectly results. *Leichtman v. WLW Jacor Comm'ns, Inc.*, 634 N.E.2d 697, 698 (Ohio Ct. App. 1994) (citing *Love v. City of Port Clinton*, 524 N.E.2d 166, 167 (Ohio 1988)). Pursuant to Ohio law, "'[o]fficers are privileged to commit battery when making a lawful arrest, but the privilege is negated by the use of excessive force.'" *Morrison v. Horseshoe Casino*, 157 N.E.3d 406, 433 (Ohio Ct. App. 2020) (quoting *Alley v. Bettencourt*, 730 N.E.2d 1067, 1073 (Ohio Ct. App. 1999)).

Rainey alleges only that Adams, McDermott, and Lanyi made "offensive contact" with him while allegedly arresting him without probable cause. (Doc. No. 51 at 17). Because his guilty plea and conviction establish the officers had probable cause to arrest him, Rainey fails to state a plausible battery claim.

In Count Nine, Rainey asserts a claim for violation of victim's rights against "Defendant Perkins Township[] and Defendant Perkins Township employees." (Doc. No. 51 at 17). As I concluded above, Ohio law does not provide a private cause of action for alleged violations of Ohio's victims' rights laws. *See* Ohio Const., art. I, § 10a(C). I dismiss this claim as well.

### 4. Count Ten

As I noted above, in Count Ten, Rainey asserts a § 1983 claim for discrimination, arguing in a vague and conclusory manner that he was charged without probable cause "[b]ecause of his race and socio-economic status." (Doc. No. 51 at 18). But Rainey failed to "allege, with particularity, facts that demonstrate what [the Perkins Township Defendants] did to violate" his rights. *Lanman*, 529 F.3d at 684 (citing *Terrance*, 286 F.3d at 842) (emphasis in original). Moreover, "'it is an absolute requirement that the plaintiff make at least a *prima facie* showing that similarly situated persons outside [his] category were not prosecuted.'" *Gardenhire*, 205 F.3d at 319 (quoting *Stemler*, 126 F.3d at 873). Rainey has not identified anyone outside of his protected class – that is, someone of a different race than he is – whom the Perkins Township Defendants declined to arrest in similar circumstances. Therefore, he failed to state a plausible claim for relief.

22

### 5.    Count Eleven

In Count Eleven, Rainey asserts a § 1983 claim for vindictive prosecution.  He alleges the Perkins Township Defendants "sought" his indictment "for a vindictive purpose" because he filed this lawsuit.  (Doc. No. 51 at 19).  Rainey again fails to allege which of the individual Perkins Township Defendants actually took any action or violated his rights.

Rainey cannot maintain a vindictive prosecution claim against any of the Perkins Township police officers.  That claim requires the "plaintiff must show that the <u>prosecutor</u> acted 'to deter the exercise of a protected right by the person prosecuted' or that the <u>prosecutor</u> had a 'stake' in deterring that person from exercising his rights and his conduct was unreasonable." *Wiley v. Oberlin Police Dep't*, 330 F. App'x 524, 529 (6th Cir. 2009) (quoting *United States v. Anderson,* 923 F.2d 450, 453-54 (6th Cir. 1991)) (emphasis added).  *See also United States v. Meda*, 812 F.3d 502, 510 (6th Cir. 2015) (reiterating that a vindictive prosecution claim requires a showing of the "unreasonableness of the <u>prosecutor's</u> conduct") (citing *United States v. Suarez,* 263 F.3d 468, 479 (6th Cir. 2001)) (emphasis added).

None of the Perkins Township Defendants are prosecutors and, therefore, Rainey has not pled a plausible vindictive prosecution claim against them.  Moreover, while Rainey argues the Perkins Township Defendants may be held liable for the prosecutors' actions under a civil conspiracy theory, (Doc. No. 80 at 12), Rainey did not plead a civil conspiracy claim in his amended complaint and he may not amend his complaint through his opposition brief.

As before, even if Rainey had properly amended his complaint, this claim still would fail.  "To establish a claim of civil conspiracy [under Ohio law, a] plaintiff must allege: 1) a malicious combination; 2) of two or more persons; 3) injury to person or property; and 4) existence of an unlawful act independent from the actual conspiracy." *Fed. Ins. Co. v. Webne*, 513 F. Supp. 2d 921, 927 (N.D. Ohio 2007) (citation omitted).  Rainey only speculates that, after the Perkins Township

23

Defendants received service of Rainey's initial complaint, those Defendants contacted the Erie County Defendants "and the two entered an agreement to prosecute Mr. Rainey for a vindictive purpose." (Doc. No. 80 at 13). This conclusory allegation would not be sufficient to state a plausible claim for civil conspiracy.

Read liberally, Rainey's amended complaint may raise a § 1983 claim for retaliatory prosecution. A plaintiff may bring that claim "against an official who 'may have influenced the prosecutorial decision but did not himself make it' rather than against the prosecutor herself." *Barnes v. Wright*, 449 F.3d 709, 719 (6th Cir. 2006) (quoting *Hartman v. Moore*, 547 U.S. 250, 262 (2006)). But the absence of probable cause is a required element of a plaintiff's retaliatory prosecution claim. *Hartman*, 547 U.S. at 265-66. And Rainey's guilty plea and conviction conclusively establish there was probable cause for his February 2022 indictment. Therefore, he has not pled a plausible claim for retaliatory prosecution.

### 6. Count Thirteen

As I noted above, Rainey's § 1983 claim for abuse of process in Count Thirteen must be dismissed because the Sixth Circuit has never recognized a federal abuse of process claim. *Rapp*, 557 F. App'x at 448 (citing *Voyticky*, 412 F.3d at 676, and *Garcia*, 520 F. App'x at 311).

### 6. Summary

I grant the Perkins Township Defendants' motion for judgment on the pleadings on Counts One, Two, Five, Six, Seven, Eight, Nine, Ten, Eleven, and Thirteen.

### V. CONCLUSION

For the reasons stated above, I grant the motions to dismiss filed by Judges Binette and McGookey and the Erie County Defendants. (Doc. Nos. 68 and 74). And I grant the motions of the City of Sandusky Defendants and the Perkins Township Defendants for judgment on the pleadings. (Doc. Nos. 71 and 76). Finally, I order that Defendant Yvette Thompson be dismissed

24

from this litigation because Plaintiff did not plead any allegations against her in any of his claims for relief.  This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge