UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Dannie Rainey,                                                Case No. 3:22-cv-42

             Plaintiff,

    v.                                                      MEMORANDUM OPINION
                                       AND ORDER

Perkins Township Board of Trustees, *et al.*,

             Defendants.


## I.      INTRODUCTION

Plaintiff Dannie Rainey sued the Perkins Township, Ohio Board of Trustees; the Perkins Township police department and several police officers; prosecutors for the city of Sandusky; Erie County, Ohio prosecutors and judges; the Erie County Sheriff's Office and police officers; Yvette Thompson; and numerous John Does for events arising out of Rainey's arrest and prosecution on a gun possession charge.  (*See* Doc. No. 51).  I dismissed all claims against all Defendants pursuant to Federal Rule of Civil Procedure 12.  (Doc. No. 110).  Rainey filed a motion for relief from judgment, seeking to set aside my September 23, 2025 Memorandum Opinion and Order dismissing this case.  (Doc. No. 112).  Defendants opposed the motion.  (Doc. Nos. 114 and 116).  Rainey did not file a brief in reply, and the deadline to do so has passed.  For the reasons stated below, I deny Rainey's motion.

## II. BACKGROUND

I described the allegations in Rainey's first amended complaint in my September 23, 2025

Memorandum Opinion and Order:

> Rainey alleges that at approximately 8:45 a.m. on May 6, 2021, Yvette Thompson was visiting Rainey's Perkins Township home when the two began arguing about money and a phone call Rainey received from another woman. (Doc. No. 51 at 8). Thompson left the apartment at Rainey's request, but she allegedly took with her a key to the apartment, leading Rainey to have the locks changed. (*Id.*). Thompson allegedly returned around 6:45 p.m. the same day with her daughter, Sharlia, and "began banging on" Rainey's door. (*Id.*). Rainey asserts he has a vision impairment and was forced to open the door slightly to see who was outside, because he could not see through the door peep hole. (*Id.* at 9). Rainey alleges Thompson and Sharlia forced their way inside while pointing a gun at him and stole $500 before leaving. (*Id.*).

> Perkins Township police officers Joe Bauman and Brent Adams subsequently arrived at Rainey's apartment to investigate the reported burglary. While there, they searched the property and located a handgun in a kitchen drawer, which Rainey alleges was the gun Thompson pointed at him during the burglary. (*Id.*). Around the same time, Thompson and Sharlia were apprehended by deputies with the Erie County Sheriff's Office. Rainey alleges Adams, Bauman, Perkins Township police officers Joshua Lanyi, Joseph Rotuno, Timothy Alexander, and Perkins Township Detective McDermott "collaborated" with Thompson and Sharlia to "develop a narrative which placed blame for the possession of Thompson['s] handgun" on Rainey. (*Id.*).

> Rainey was arrested and charged with illegal possession of a firearm. (*Id.* at 9-10). He alleges Assistant Erie County Prosecutor Paulette Lilly and City of Sandusky Prosecutor Brendan Heil "relied solely on the uncorroborated statements of . . . Thompson and Sharlia[] as a basis to file charges against [him]." (*Id.* at 10). Those charges allegedly were dismissed in August 2021. (*Id.*). Rainey then filed suit in this Court in January 2022, alleging violations of his constitutional rights. (Doc. No. 1).

> On February 10, 2022, Rainey was indicted by an Erie County grand jury on one count of possessing a weapon while under a disability, in violation of Ohio Revised Code § 2923.13. *State of Ohio v. Rainey*, Erie County C. P. No. 2022 CR 0058. He subsequently pled guilty to attempting to possess a weapon while under a disability, in violation of Ohio Revised Code §§ 2923.02(A) and 2923.13(A)(3)/(B), and he was sentenced to a term of two years on community control. *See id.*, journal entry dated July 12, 2024.

(Doc. No. 110 at 2-3). Rainey asserted 14 causes of action in total, (*see id.* at 3-4), each of which I

dismissed because Rainey did not state a plausible claim for relief. (*Id.* at 6-24).

### III.  STANDARD

While motions for leave to amend a complaint generally are governed by Federal Rule of Civil Procedure 15, a court analyzes a post-judgment motion to amend through the lens of Rule 59. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010).  The Sixth Circuit has held "[a] court acts within its discretion in denying a Rule 15 and a Rule 59 motion on account of 'undue delay' – including delay resulting from a failure to incorporate 'previously [ ]available' evidence." *Id.* (quoting *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999)) (alteration by *Leisure Caviar*).  A court also "ought to pay particular attention to 'the movant's explanation for failing to seek leave to amend prior to the entry of judgment.'" *Leisure Caviar*, 616 F.3d at 616 (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)).

Rule 59(e) states that a party must file a motion to alter or amend a judgment within 28 days of the entry of the judgment.  Fed. R. Civ. P. 59(e).  The party filing a Rule 59(e) motion must demonstrate there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.,* 469 F.3d 479, 496 (6th Cir. 2006).

Rule 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

3

(6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b). A party "seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

## IV. ANALYSIS

Rainey seeks an order reopening this case so that he can "amend his original complaint in order to provide sufficient facts and evidence to seek relief for the injury that has been [caused] by the Defendants." (Doc. No. 112 at 3). He further asserts:

> Plaintiff is acting for himself pro-se. Plaintiff has blindness and is not aware of all the rules of the court. Plaintiff has not had access to the court docket and has not received all pleadings due to change of address. Plaintiff has added certain information and evidence but has not been able to add all evidence.

(*Id.*).

As an initial matter, Rainey's request to "amend his original complaint" does not accurately describe the state of the pleadings. I previously granted Rainey's motion for leave to amend his complaint – a motion he filed after Defendants moved to dismiss his original complaint. (*See* Doc. Nos. 24, 48, and 51). Thus, my September 23, 2025 decision dismissed Rainey's first amended complaint, not his original complaint.

Rainey fails to carry his burden to show he is entitled to relief. While Rainey vaguely contends he has additional evidence to support his claims, he does not offer any details about what that evidence might be. Nor does he represent that he was unaware of this evidence prior to the issuance of my earlier decision, including at the time he filed his first amended complaint, or, if he was unaware, why he was unable to discover the evidence sooner.

Moreover, Rainey's assertion that he "is not aware of all the rules of the court," (Doc. No. 112 at 3), is legally irrelevant. The Supreme Court has stated it has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed

4

without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Rainey was responsible for identifying and following the Federal Rules of Civil Procedure applicable to his case, and his professed failure to do so is not a basis for relief.[1]

I conclude Rainey has not offered a sufficient explanation for his failure to move to amend his complaint prior to the entry of judgment against him and, even if he had done so, he has not shown he is entitled to relief under Rule 59 or Rule 60.

### V. CONCLUSION

For the reasons stated above, I deny Plaintiff Donnie Rainey's motion to alter or amend the judgment against him. (Doc. No. 112).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

---

[1] Moreover, in addition to his first motion to amend his complaint, Rainey filed four motions for injunctive relief and pursued an appeal to the Sixth Circuit of my denial of several of those motions.[1] (*See* Doc. Nos. 84, 86, 95, 97, and 103). Rainey clearly demonstrated he was able to identify and apply the relevant law, even if he was ultimately unsuccessful in his efforts.